IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § § § | |
| Plaintiff, | § § | Case No. 3:13-cv-04987 |
| v. | § § | **Jury Trial Demanded** |
| NINTENDO OF AMERICA INC., | § § | |
| Defendant. | § | |

**DEFENDANT NINTENDO OF AMERICA INC.'S ANSWER TO ILIFE TECHOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Nintendo of America Inc. ("Nintendo" or "Defendant") hereby answers the Complaint for Patent Infringement ("Complaint") filed by Plaintiff iLife Technologies, Inc. ("iLife" or "Plaintiff") as follows:

**THE PARTIES**

1. Nintendo lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the allegations.

2. Nintendo denies that its principal place of business is at 4820 150th Avenue N.E., Redmond, Washington 98052. Defendant admits the remaining allegations set forth in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

Defendant incorporates by reference their responses to Paragraphs 1 and 2 as though fully set forth herein.

3. Defendant admits that actions for patent infringement arise under 35 U.S.C. §101 *et seq*. Defendant denies there is any basis in law or fact for iLife's allegations of patent infringement. Defendant admits that subject matter jurisdiction for patent infringement is provided for under 28 U.S.C. §§ 1331 and 1338(a). Defendant denies any remaining allegations set forth in Paragraph 3.

4. Defendant admits that the Court has personal jurisdiction over Defendant. Defendant denies that it has committed acts of infringement in the Northern District of Texas or any other judicial district. Defendant denies any remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits minimum contacts exist to make personal jurisdiction over Defendant proper in this District. Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant denies that the Northern District of Texas is a convenient venue for this dispute and reserves the right to transfer pursuant to 28 U.S.C. § 1404.

## PATENTS IN SUIT

8. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies them.

9. Paragraph 9 of the Complaint contains no allegations and therefore requires no response. Nevertheless, Defendant does not dispute that Plaintiff collectively refers to the patents enumerated in Paragraphs 8 and 9 of the Complaint as the "Asserted Patents."

## ACCUSED PRODUCTS

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits that the language quoted in Paragraph 12 of the Complaint appears at www.nintendo.com/wii/what-is-wii/#/tech-specs and www.nintendo.com/wiiu/features/tech-specs/.  Defendant denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

## COUNT ONE
## PATENT INFRINGEMENT
## The '481 Patent

14. Defendant incorporates by reference its responses to Paragraphs 1 through 13 as though fully set forth herein.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

## COUNT TWO
## PATENT INFRINGEMENT
## The '939 Patent

21. Defendant incorporates by reference its responses to Paragraphs 1 through 20 as though fully set forth herein.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

## COUNT THREE
## PATENT INFRINGEMENT
## The '796 Patent

28. Defendant incorporates by reference its responses to Paragraphs 1 through 27 as though fully set forth herein.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

## COUNT FOUR
## PATENT INFRINGEMENT
## The '331 Patent

35. Defendant incorporates by reference its responses to Paragraphs 1 through 34 as though fully set forth herein.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

## COUNT FIVE
## PATENT INFRINGEMENT
### The '461 Patent

42. Defendant incorporates by reference its responses to Paragraphs 1 through 41 as though fully set forth herein.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

## COUNT SIX
## PATENT INFRINGEMENT
### The '890 Patent

49. Defendant incorporates by reference its responses to Paragraphs 1 through 48 as though fully set forth herein.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

## DEMAND FOR JURY TRIAL

56. Plaintiff's Demand for Jury Trial does not require an admission or denial.

## PRAYER FOR RELIEF

57. Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A through E of iLife's Prayer for Relief.

## AFFIRMATIVE DEFENSES

58. Nintendo asserts the following affirmative defenses to Plaintiff's Complaint without assuming any burden that it would not otherwise bear and without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Nintendo. Nintendo reserves the right to amend its currently pled defenses and/or assert additional defenses as they become apparent through discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

59. The Complaint and each and every one of its allegations fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

60. Nintendo does not infringe and has not infringed any valid claim of the '481, '939, '796, '331, '461 or '890 patent under any theory of infringement, including direct infringement, indirect infringement, induced infringement, contributory infringement, literal infringement, infringement under the doctrine of equivalents, or joint infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

61. Each claim of the '481, '939, '796, '331, '461 and '890 patent is invalid for failing to meet one or more of the requirements or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

62. Plaintiff is barred from recovery in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

63. Plaintiff's claims for damages for infringement are limited pursuant to 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

64. Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches, Equitable Estoppel and/or Waiver)

65. Plaintiff is barred from enforcement of one or more claims of the Asserted Patents is barred, in whole or in part by the equitable doctrines of laches, equitable estoppel and/or waiver.

## RESERVATION OF RIGHTS

66. Nintendo expressly reserves the right to allege and assert additional defenses that may be accorded to it under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity that now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and Counterclaimant Nintendo of America, Inc. ("Nintendo") alleges the following counterclaims against Plaintiff and Counterclaim-Defendant iLife Technologies, Inc. ("iLife"):

### PARTIES

1.  Nintendo of America, Inc. is a corporation formed under the laws of the State of Washington, having its principal place of business at 4600 150th Avenue N.E., Redmond, Washington 98052.

2.  Upon information and belief, iLife is a Texas corporation with an office at 1600 Airport Freeway, Suite 536, Bedford, TX 76022.

### JURISDICTION AND VENUE

3.  These counterclaims seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202. The Court has subject matter jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338 as these counterclaims arise under the Patent Laws of the United States, set forth in 35 U.S.C. § 1 *et seq*.

4.  iLife has submitted to personal jurisdiction in this Court by filing its Complaint against Nintendo. This Court also has personal jurisdiction over iLife because, on information and belief, iLife has an office in this District and regularly transacts business in this District.

5.  Nintendo reserves its rights with respect to venue, including its right to seek a change of venue to another district more convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404. Subject to and without waiving these rights, this Court is a proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because iLife has voluntarily submitted to this Court's jurisdiction in this action.

6.  Based on iLife's filing of its Complaint and Nintendo's Affirmative Defenses, a

true, actual, and justiciable controversy has arisen and now exists between Nintendo and iLife regarding the non-infringement and invalidity of U.S. Patent Nos. 6,307,481 (the '481 Patent), 6,703,939 (the '939 Patent), 6,864,796 (the '796 Patent), 7,095,331 (the '331 Patent), 7,145,461 (the '461 Patent), and 7,479,890 (the '890 Patent) (collectively, the "Asserted Patents").

## COUNT I
## DECLARATION OF NON-INFRINGEMENT
### The '481 Patent

7. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 6 as though fully set forth herein.

8. iLife has alleged in its Complaint that Defendant infringes the '481 Patent by "making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions" of the Patents-in-Suit. (*See* Complaint at ¶¶ 16-20).

9. No product or service, currently or previously made, used, imported, offered for sale, and/or sold by Defendant infringes any claim of the '481 Patent.

10. Defendant seeks a declaration that Defendant does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '481 Patent.

## COUNT II
## DECLARATION OF NON-INFRINGEMENT
### The '939 Patent

11. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 10 as though fully set forth herein.

12. iLife has alleged in its Complaint that Defendant infringes the '939 Patent by "making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions" of the Patents-in-Suit. (*See* Complaint at ¶¶ 22-27).

13. No product or service, currently or previously made, used, imported, offered for

sale, and/or sold by Defendant infringes any claim of the '939 Patent.

14. Defendant seeks a declaration that Defendant does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '939 Patent.

### COUNT III
### DECLARATION OF NON-INFRINGEMENT
### The '796 Patent

15. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 14 as though fully set forth herein.

16. iLife has alleged in its Complaint that Defendant infringes the '796 Patent by "making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions" of the Patents-in-Suit. (*See* Complaint at ¶¶ 29-34).

17. No product or service, currently or previously made, used, imported, offered for sale, and/or sold by Defendant infringes any claim of the '796 Patent.

18. Defendant seeks a declaration that Defendant does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '796 Patent.

### COUNT IV
### DECLARATION OF NON-INFRINGEMENT
### The '331 Patent

19. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 18 as though fully set forth herein.

20. iLife has alleged in its Complaint that Defendant infringes the '331 Patent by "making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions" of the Patents-in-Suit. (*See* Complaint at ¶¶ 36-41).

21. No product or service, currently or previously made, used, imported, offered for

sale, and/or sold by Defendant infringes any claim of the '331 Patent.

22. Defendant seeks a declaration that Defendant does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '331 Patent.

## COUNT V
## DECLARATION OF NON-INFRINGEMENT
## The '461 Patent

23. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 22 as though fully set forth herein.

24. iLife has alleged in its Complaint that Defendant infringes the '461 Patent by "making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions" of the Patents-in-Suit. (*See* Complaint at ¶¶ 43-48).

25. No product or service, currently or previously made, used, imported, offered for sale, and/or sold by Defendant infringes any claim of the '461 Patent.

26. Defendant seeks a declaration that Defendant does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '461 Patent.

## COUNT VI
## DECLARATION OF NON-INFRINGEMENT
## The '890 Patent

27. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 26 as though fully set forth herein.

28. iLife has alleged in its Complaint that Defendant infringes the '890 Patent by "making, using, importing, offering to sell, or selling the Accused Products and Services that practice the inventions" of the Patents-in-Suit. (*See* Complaint at ¶¶ 50-55).

29. No product or service, currently or previously made, used, imported, offered for

sale, and/or sold by Defendant infringes any claim of the '890 Patent.

30. Defendant seeks a declaration that Defendant does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '890 Patent.

## COUNT VII
## DECLARATION OF INVALIDITY
### The '481 Patent

31. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 30 as though fully set forth herein.

32. One or more of the claims of the '481 Patent are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '481 Patent lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by iLife to be interpreted to cover the business activities of Defendant.

33. Defendant seeks a declaration that the '481 Patent is invalid.

## COUNT VIII
## DECLARATION OF INVALIDITY
### The '939 Patent

34. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 33 as though fully set forth herein.

35. One or more of the claims of the '939 Patent are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '939 Patent lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by iLife to be

interpreted to cover the business activities of Defendant.

36. Defendant seeks a declaration that the '939 Patent is invalid.

## COUNT IX
## DECLARATION OF INVALIDITY
### The '796 Patent

37. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 36 as though fully set forth herein.

38. One or more of the claims of the '796 Patent are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '796 Patent lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by iLife to be interpreted to cover the business activities of Defendant.

39. Defendant seeks a declaration that the '796 Patent is invalid.

## COUNT X
## DECLARATION OF INVALIDITY
### The '331 Patent

40. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 39 as though fully set forth herein.

41. One or more of the claims of the '331 Patent are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '331 Patent lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by iLife to be interpreted to cover the business activities of Defendant.

42. Defendant seeks a declaration that the '331 Patent is invalid.

## COUNT XI
## DECLARATION OF INVALIDITY
### The '461 Patent

43. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 42 as though fully set forth herein.

44. One or more of the claims of the '461 Patent are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '461 Patent lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by iLife to be interpreted to cover the business activities of Defendant.

45. Defendant seeks a declaration that the '461 Patent is invalid.

## COUNT XII
## DECLARATION OF INVALIDITY
### The '890 Patent

46. Defendant incorporates its allegations in Counterclaim Paragraphs 1 through 45 as though fully set forth herein.

47. One or more of the claims of the '890 Patent are invalid for failure to meet the "conditions for patentability" specified in 35 U.S.C. §§ 101, 102, 103, and/or 112. The alleged inventions contained in the '890 Patent lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately supported by the written description of the patented invention and/or not enabled, particularly when those claims are sought by iLife to be interpreted to cover the business activities of Defendant.

48. Defendant seeks a declaration that the '890 Patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

(a) Dismiss all of iLife's claims against Defendant with prejudice;

(b) Enter an order finding and declaring that Defendant has not infringed and is not currently infringing, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '481, '939, '796, '331, '461 and '890 Patents;

(c) Enter an order declaring that each of the claims of the '481, '939, '796, '331, '461 and '890 Patents is invalid;

(d) Award Defendant its costs and fees; and

(e) Award Defendant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury for all issues so triable.

Dated: April 28, 2014

Respectfully submitted,

*/s/ Thomas C. Wright*_____
Thomas C. Wright
Texas State Bar No. 24028146
Alex J. Whitman
Texas State Bar No. 24081210
3500 Maple Avenue, Suite 900
Dallas, TX 75219
Telephone: (214) 752-8600
Fax: (214) 752-8600
twright@rosewalker.com
awhitman@rosewalker.com

Of Counsel:

Stephen Smith (*Pro Hac Vice Application Forthcoming*)
Stephen P. McBride (*Pro Hac Vice Application Forthcoming*)
Laura Cunningham (*Pro Hac Vice Application Forthcoming*)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel: 703 456-8000

Fax: 703 456-8100
stephen.smith@cooley.com
smcbride@cooley.com
lcunningham@cooley.com

*Attorneys for Defendant*
NINTENDO OF AMERICA INC.

## CERTIFICATE OF SERVICE

I, Thomas C. Wright, do hereby certify that on this 28th day of April 2014, I caused a true and correct copy of the foregoing **DEFENDANT NINTENDO OF AMERICA INC.'S ANSWER TO ILIFE TECHOLOGIES, INC.'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** to be electronically filed with Clerk of the Court using CM/ECF, which will send notification to all registered attorneys of record.

*/s/ Thomas C. Wright*_____
Thomas C. Wright