UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ILIFE TECHNOLOGIES, INC.,

    Plaintiff,

v.                                                  Case No. 3:13-cv-04987-M

NINTENDO OF AMERICA, INC.,

    Defendant.

## JOINT STATUS REPORT

Plaintiff iLife Technologies, Inc. ("Plaintiff" or "iLife") and Defendant Nintendo of America, Inc. ("Defendant" or "Nintendo") submit this joint status report pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Miscellaneous Order No. 62, ¶ 2-1 of the Northern District of Texas, and this Court's order dated May 8, 2014 [Doc. 14].

The parties held a scheduling conference on June 3, 2014, which was conducted telephonically and attended by Michael C. Wilson, S. Wallace Dunwoody, and Jacob L. LaCombe for Plaintiff and Stephen Smith, Stephen McBride and Thomas Wright for Defendant.

1. **Brief Statement of the Parties' Claims and Defenses.**

    1.1. **Plaintiff's Statement:**

Plaintiff is the owner of all substantial rights in and to United States Patent Nos. 6,307,481, 6,703,939, 6,864,796, 7,095,331, 7,145,461, and 7,479,890 (the "Asserted Patents"). The Asserted Patents disclose systems and methods for body-movement evaluation. As used in the patents, the "body" refers to any object whose movement or

1

position can be evaluated relative its environment. The "environment," in turn, may best be thought of as the conditions and the influences that determine the behavior of the physical system in which the body is located. Plaintiff contends that Defendant infringes the Asserted Patents by making, using, importing, selling, or offering to sell in or into the United States, without authority, certain products that fall within the scope of the Asserted Patents, as well as services related to those products. Plaintiff is entitled to recover damages it has sustained as a result of Defendant's infringing acts in an amount no less than a reasonable royalty.

    **1.2.   Defendants' Statement:**

Defendant contends that it has not infringed the Asserted Patents and that those patents are invalid.

**2.   Proposed Time Limit for Joinder of Other Parties.**

The parties agree and propose July 29 2014, as the deadline to file motions for leave to join other parties.

**3.   Proposed Time Limit to Amend Pleadings.**

The parties agree and propose November 28, 2014, as the deadline to amend the pleadings without seeking leave of Court. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline. Thereafter, a party may amend the pleadings only with leave of Court upon a showing of good cause.

**4.        Proposed Time Limits for Motion Practice.**

The parties agree and propose 120 days before the trial setting as the deadline to file dispositive motions, and 14 days before the trial setting as the deadline to file motions in limine.

**5.        Proposed Time Limit for Initial Designation of Experts.**

The parties agree and propose April 16, 2015, as the deadline to designate experts and serve opening expert reports for those issues for which a party carries the burden of proof at trial.

**6.        Proposed Time Limit for Responsive Designation of Experts.**

The parties agree and propose June 11, 2015, as the deadline to designate responsive experts and serve their expert reports.

**7.        Proposed Time Limit for Objections to Experts (i.e., *Daubert* and similar motions).**

The parties agree and propose September 18, 2015, as the deadline to object to experts and to file *Daubert* motions.

**8.        Proposed Discovery Plan.**

The parties agree and propose April 2, 2015, as the deadline to complete all fact discovery and August 11, 2015, as the deadline to complete all expert discovery. The parties anticipate that discovery is needed on issues related to patent infringement, validity, and damages, including issues relevant to calculation of a reasonable royalty. The parties anticipate that third-party discovery may be necessary. The parties' current view on discovery is preliminary and may change as the case progresses.

**9.      Discovery Limitations.**

The parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure, except as noted here. The parties agree not to log attorney-client communications with, and work product created by, outside counsel after the filing of the lawsuit or relating to other litigation on the patents.

**10.     Electronic Discovery Plan.**

Plaintiff believes that discovery under the Federal Rules of Civil Procedure without modification is acceptable and appropriate for this case. However, Plaintiff would not oppose limiting email discovery to 10 custodians and 10 search terms. Defendant believes entry of an ESI order is necessary and appropriate to govern the large amount of ESI that is likely to be produced in this litigation, reduce unnecessary burden, and help prevent discovery disputes in advance. Defendant has recently circulated a proposed ESI order, which Plaintiff is in the process of evaluating. The parties will promptly confer on the proposed ESI order and by July 17, 2014, Defendant will file a motion seeking entry of an ESI Order by the Court, stating whether and which provisions of the ESI Order are agreed, unopposed, or opposed.

**11.     Protective Order.**

Plaintiff believes that the standard protective order included in Miscellaneous Order No. 62 is acceptable and appropriate for this case. However, Plaintiff would not oppose entry of a source code addendum similar to the one used in *iLife v. Lifeline*, 3:12-cv-5157-M (Doc. 35). Defendant believes that the standard protective order included in Miscellaneous Order No. 62 lacks several key provisions such as provisions on handling

source code and a prosecution bar that are necessary to appropriately protect Defendant's highly confidential and trade secret information. Defendant has recently circulated a proposed protective order, which Plaintiff is in the process of evaluating. The parties will promptly confer on the proposed protective order and by July 17, 2014, Defendant will file a motion seeking entry of a protective order from the Court, stating which provisions of the protective order are agreed, unopposed, or opposed.

12. **Trial Matters.**

    **12.1. Trial Date:** The parties propose a trial date of February 15, 2016.

    **12.2. Length of Trial:** Plaintiff believes the trial should last no longer than 5 business days. Defendant estimates that trial should last no longer than 10 business days.

    **12.3. Jury Demand:** Both parties have demanded a jury trial.

13. **Settlement Discussions.**

The parties believe that settlement discussions can occur at every stage of this litigation and propose a formal early mediation deadline of October 27, 2014, and late mediation deadline of July 21, 2015.

14. **Initial Disclosures.**

The parties agree and propose that the each party will make its Rule 26(a)(1) initial disclosures by June 25, 2014.

15. **Consent to Magistrate.**

The parties do not consent to trial before a magistrate judge.

**16.   Alternative Dispute Resolution.**

The parties propose mediation as the form of alternative dispute resolution with the deadline to mediate after discovery is complete. The parties will work together to identify an appropriate mediator for this case.

**17.   Additional Proposals.**

    **17.1. Local Rule 3-1 and 3-2 Disclosures:**  The parties propose and agree that Plaintiff's 3-1 and 3-2 Disclosures and Document Production shall be due on or before July 3, 2014.

    **17.2. Local Rule 3-3 and 3-4 Disclosures:**  The parties propose and agree that Defendants' 3-3 and 3-4 Contentions and Document Production shall be due 45 days after Plaintiff's Rule 3-1 and 3-2 disclosures, pursuant to Rules 3-3 and 3-4.

    **17.3. Technology Tutorial and Claim Construction Prehearing Conference:** The parties believe that a patent tutorial may be useful to the Court. The parties propose holding a 1-hour prehearing conference during which each side will make a 20-minute presentation about the technology and answer questions from the Court.  The parties propose holding this tutorial in conjunction with any tutorial scheduled by the Court in the other iLife matters.

    **17.4. Claim Construction Hearing:**  The parties will work together in an effort to agree on an appropriate order of presentation of evidence and argument at the Claim Construction Hearing. The parties do not believe the Court will need to hear live testimony at the Claim Construction Hearing.

**18.   Court Conference.**

The parties do not request or anticipate the need for a conference with the Court at this time.

**19.   Additional Matters.**

Defendant has moved to transfer venue to the Western District of Washington, or, in the alternative, to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

**20.    Miscellaneous Order No. 62, ¶ 2-1.**

    **20.1.**  Proposed modification of the deadlines provided for in this Miscellaneous Order No. 62: *Except as noted above, ¶¶ 17.1 and 17.2, none at this time.*

    **20.2.**  Electronic discovery plan: *See ¶ 10, supra.*

    **20.3.**  The need for presenting technical tutorials to the presiding judge and the mode or presenting same: *See ¶ 17.3, supra.*

    **20.4.**  Deviations from and additions to the protective order: *See ¶¶ 10-11, supra.*

    **20.5.**  Whether either party desires the presiding judge to hear live testimony at the claim construction hearing: *See ¶ 17.4, supra.*

    **20.6.**  The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses: *See ¶ 8, supra.*

    **20.7.**  The order of presentation at the claim construction hearing: *See ¶ 17.4, supra.*

    **20.8.**  The scheduling of a claim construction prehearing conference between attorneys to be held after the filing of the joint claim construction and prehearing statement required by paragraph 4-3: *See ¶ 17.3, supra.*

    **20.9.**  Whether the presiding judge should authorize the filing under seal of any documents containing confidential information: *See ¶ 11, supra.*

    **20.10.** The need for any deviation from the ordinary practice of early and late mediations, as well as the potential dates for early and late mediations: *See ¶ 13, supra.*

**21.    Status of Settlement Discussions.**

The parties have not engaged in substantive settlement discussions.

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright
Texas State Bar No. 24028146
Alex J. Whitman
Texas State Bar No. 24081210
3500 Maple Avenue, Suite 900
Dallas, TX 75219
Telephone: 214.752.8600
Fax:214.752.8600
twright@rosewalker.com
awhitman@rosewalker.com

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
Texas Bar No. 21704590
mwilson@munckwilson.com
S. Wallace Dunwoody
Texas Bar No. 24040838
wdunwoody@munckwilson.com

Munck Wilson Mandala, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600 - phone
(972) 628-3616 - fax

COUNSEL FOR PLAINTIFF

**CERTIFICATE OF CONFERENCE**

I certify that the parties have conferred and agreed on the form of this submission.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

**CERTIFICATE OF SERVICE**

I certify that this document was filed and served to all counsel of record using the Court's ECF system on June 19, 2014.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

MWM 615496

8