UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:13-cv-4987-M |
| NINTENDO OF AMERICA INC., | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion for Reconsideration of its Motion to Transfer Venue [Docket Entry #29]. The Motion is **DENIED**.

A court may revise an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b).[1] "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the broad discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.); *see also Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993). Such a motion requires the court to determine whether reconsideration is "necessary under the relevant circumstances." *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (internal quotation marks omitted).

Motions for reconsideration "have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Choice Hotels Intern., Inc. v. Goldmark Hospitality, LLC*, No. 3:12-CV-0548-D, 2014 WL 642738, at *1

---

[1] Although Defendant asserts its Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a final judgment, the Court treats Defendant's Motion as one brought under Rule 54(b).

(N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.) (quotation omitted). They are not a "proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (citation omitted).

A court may, "[f]or the convenience of the parties and witnesses" and in "the interest of justice," transfer a case to any district in which the case could have been brought under 28 U.S.C. § 1391. 28 U.S.C. § 1404(a). In deciding whether to transfer, the court has "broad discretion[.]" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). However, the Fifth Circuit requires courts to consider a variety of private and public interest factors in making the transfer decision. *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, No. 4:09–CV–386–Y, 2009 WL 4884430, at *2 (N.D. Tex. Dec. 17, 2009) (Means, J.).

Defendant asks the Court to reconsider its denial of Defendant's Motion to Transfer Venue based on three of the factors of the transfer analysis: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; and (3) the local interest in having localized interests decided at home. However, Defendant has not identified a manifest error of law or fact in the Court's ruling on the Motion to Transfer Venue, nor presented newly discovered evidence. Rather, Defendant simply reargues points it made in its initial Motion. Therefore, the Court **DENIES** Defendant's Motion for Reconsideration. Ninety days after the date of this Order, Defendant may file a second motion to transfer if, after conducting further discovery, it can identify third party witnesses whom it will need at trial and whose convenience is materially served by a transfer as sought.

**SO ORDERED**.

August 15, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS