U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 11 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-04987 |
| | § | |
| NINTENDO OF AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER SETTING HEARING

The Court held a claim construction hearing on January 27, 2015, prior to staying the case [Docket Entry #73]. After the Court lifted the stay, the parties notified the Court that developments during the stay affected claim construction, and sought leave to file supplemental briefing, which the Court granted [Docket Entries #109 and #110]. The Court finds that additional oral argument regarding claim construction is warranted, and hereby sets a claim construction hearing to consider all terms that the parties contend require construction, including the terms the parties have stated they intend to address in the supplemental claim construction briefing.

The hearing is SET for **Monday, September 12, 2016, at 9:00 a.m.**

Counsel should convene in Courtroom 1570, Earle Cabell Federal Building, 1100 Commerce Street, Dallas, Texas. Any technical representatives responsible for operating the Court's electronic courtroom equipment should be in the Courtroom fifteen minutes prior to the hearing to set up and ensure the parties' equipment is working properly.

The Court is aware of a trend today in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers

(*i.e.*, lawyers practicing for less than seven years). The Court strongly encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response. In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing. The Court understands that there may be circumstances where having a young lawyer handle a hearing might not be appropriate – such as where no young lawyers were involved in drafting the motion, or where the motion might be dispositive in a "bet-the-company" type case. Even so, the Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

Any questions regarding this Order should be directed to the Law Clerk, Kate Marcom, at 214-753-2419.

**SO ORDERED.**

DATED: August 11, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE