**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ILIFE TECHNOLOGIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-cv-04987-M** |
| | § | |
| **NINTENDO OF AMERICA INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**ILIFE'S RESPONSE TO NINTENDO OF AMERICA'S MOTION TO DISMISS OR**
**TRANSFER FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)**

Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
Jacob LaCombe
jlacombe@munckwilson.com
Texas Bar No. 24070098
Jordan C. Strauss
jstrauss@munckwilson.com
Texas Bar No. 24088480

**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616

**ATTORNEYS FOR PLAINTIFF**
**ILIFE TECHNOLOGIES, INC.**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION ................................................................................. 1

II.     PROCEDURAL BACKGROUND ........................................................ 2

        A.      Nintendo has waived any venue objection and admitted that venue was
                proper. .................................................................................................. 2

        B.      Nintendo has litigated this case without raising the issue of venue ........ 3

III.    ARGUMENTS AND AUTHORITIES .................................................... 5

        A.      Nintendo has waived its challenge to venue. ......................................... 5

                1.      Legal standards under Rule 12 and 28 U.S.C. § 1406. ............... 5

                2.      Nintendo waived venue by admitting that venue is proper and
                        failing to raise it by a Rule 12 motion .................................... 6

                3.      Nintendo waived its venue defense by actively litigating this case
                        for over three years without pursuing a venue defense ............. 7

        B.      *TC Heartland* does not undo Nintendo's waiver. ................................... 8

                1.      The Fifth Circuit does not recognize the intervening change in law
                        exception. ............................................................................ 8

                2.      *TC Heartland* did not change the law but reaffirmed the 60-year
                        old precedent established in *Fourco*. ...................................... 10

                3.      Nintendo's cases do not excuse a waiver where, as here, the
                        defendant expressly admitted that venue is proper. .................. 13

        C.      Section 1406(b) precludes Nintendo's untimely venue motion ............ 15

IV.     CONCLUSION .................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aisner v. Penn Mut. Life Ins. Co.*,
  53 F.3d 1282 (5th Cir. 1995) .................................................7

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
  No. 2:15-CV-21, Slip Op. (E.D. Va. June 7, 2017) ........................................2, 7, 12

*Conn Credit I, LP v. TF LoanCo III, LLC*,
  No. 1:14-CV-00429, 2015 WL 13036678 (E.D. Tex. Mar. 11, 2015) ....................................6

*Continental Bank v. Meyer*,
  10 F 3d 1293 (7th Cir. 1993) .................................................7

*Curtis Pub. Co. v. Butts*,
  388 U.S. 130 (1967).................................................14

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014).................................................14

*DSC Commc'ns Corp. v. Next Level Commc'ns*,
  107 F.3d 322 (5th Cir. 1997) .................................................9

*Engel v. CBS, Inc.*,
  886 F. Supp. 728 (C.D. Cal. 1995) .................................................13

*Farley v. Cernak*,
  No. CV 15-5956, 2016 WL 162238 (E.D. Pa. Jan. 13, 2016) ...........................................6, 15

*Forshey v. Principi*,
  284 F.3d 1335 (Fed. Cir. 2002).................................................9, 10

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957).................................................. *passim*

*Gellman v. Telular Corp.*,
  449 F. App'x 941 (Fed. Cir. 2011) .................................................8

*Gucci Am., Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014).................................................13, 14

*Hamilton v. Atlas Turner, Inc.*,
  197 F.3d 58 (2d Cir. 1999).................................................7, 8

*Hoffman v. Blaski*,
    363 U.S. 335 (1960)..........................................................................................5, 10

*Holzsager v. Valley Hosp.*,
    646 F.2d 792 (2d Cir. 1981)......................................................................................13

*Hunt v. Bankers Trust Co.*,
    799 F.2d 1060 (5th Cir. 1986) ...................................................................................7

*Insiders Edge, Inc. v. Inst. Research Servs., Inc.*,
    No. 3:94-CV-0088-R, 2004 WL 2203246 (N.D. Tex. Sept. 30, 2004) ...................................6

*Leroy v. Great W. United Corp.*,
    443 U.S. 173 (1979)..........................................................................................5, 10

*Martinez v. Texas Dept. of Criminal Justice*,
    300 F.3d 567 (5th Cir. 2002) ................................................................................9, 10

*Nexon Am., Inc. v. Cornwall*,
    No. CV 12-160-GW, 2012 WL 12893775 (C.D. Cal. Sept. 18, 2012)...................................7

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009).................................................................................8

*Nolasco v. United States*,
    358 F. Supp. 2d 224 (S.D.N.Y. 2004)...................................................................6, 15

*Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*,
    6 F. Supp. 2d 203 (S.D.N.Y. 1998) .....................................................................6, 15

*Sanders v. Johnson*,
    No. CIV.A. H-04-881, 2005 WL 2346953 (S.D. Tex. Sept. 26, 2005)...................................6

*In re Sea Ray Boats, Inc.*,
    Case No 2017-124, Order Denying Mandamus (Fed. Cir. June 9, 2017)...............................12

*Smith v. Saetre*,
    No. 5:12-CV-228-C, 2013 WL 12124600 (N.D. Tex. Feb. 12, 2013) ...................................7

*Strauss v. Crédit Lyonnais, S.A.*,
    175 F. Supp. 3d 3 (E.D.N.Y. 2016) ....................................................................13, 14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017)..................................................*passim*

*ThinkOptics, Inc. v. Nintendo of Am., Inc.*,
    No. 6:11-CV-455, 2014 WL 4477400 (E.D. Tex. Feb. 27, 2014)..........................................16

*Thomas v. United States*,
   267 F.2d 1 (5th Cir. 1959) ...........................................................................................14

*Thurston Motor Lines. Inc. v. Jordan K. Rand, Ltd.*,
   460 U.S. 533 (1983)......................................................................................................11

*United States v. McCrimmon,*
   443 F.3d 454, 463 n 44 (5th Cir. 2006) ...............................................................10

*Weiss v. Nat'l Westminster Bank PLC*,
   176 F. Supp. 3d 264 (E.D.N.Y. 2016) ...........................................................13, 14

*Wordtech Sys. Inc. v. Integrated Network Sol. Corp.*,
   No. 04-cv-1971, 2014 WL 2987662 (E.D. Cal. Jul. 1, 2014)...................................7

*Young Again Prods., Inc. v. Acord*,
   459 F. App'x 294 (4th Cir. 2011) ...........................................................................7

## Statutes

28 U.S.C. § 1391................................................................................................1, 2, 3, 13

28 U.S.C. § 1400................................................................................................1, 2, 3, 11

28 U.S.C. § 1404.....................................................................................................1, 2, 3

28 U.S.C. § 1406.................................................................................................... *passim*

28 U.S.C. § 2072.................................................................................................10, 11

## Other Authorities

Fed. R. Civ. P. 1......................................................................................................16

Fed. R. Civ. P. 12..............................................................................................*passim*

Fed. R. Civ. P. 15.................................................................................................5, 6

Plaintiff iLife Technologies, Inc. ("Plaintiff" or "iLife") files its response to Defendant Nintendo of America Inc.'s ("Defendant" or "Nintendo") Motion to Dismiss or Transfer for Improper Venue Under 28 U.S.C. § 1406(a) [Doc. 206], and shows:

## I.      INTRODUCTION

Three and a half years after *admitting* that venue is proper in this District,[1] and only two months before trial, Nintendo seeks to dismiss or transfer this case based on improper venue. Nintendo's motion contradicts the express waiver provisions of Rule 12(h)(1), relies on a purported "exception" to waiver that does not exist in the Federal Rules of Civil Procedure or the Fifth Circuit, and misconstrues the *TC Heartland* holding.  First, Nintendo has forfeited any right to object to venue by failing to raise it as required by Rule 12, admitting to proper venue in its pleadings, and engaging in extensive litigation in this Court over the past 42 months.  Second, the Fifth Circuit has not adopted any common law exception to waiver under Rule 12 based on intervening "new" law, and this Court should not create one now.  Third, even if such an exception existed, it does not apply here.  The Supreme Court plainly stated that its decision in *TC Heartland* was *not* a change of law, and that its decision in *Fourco* interpreting § 1400(b) has been good law for the past 60 years.[2]  On June 7, 2017, the Eastern District of Virginia rejected the same arguments Nintendo makes here, holding that the defendants waived their venue

---

[1] *See* Def.'s Answer & Countercls. [Doc. 7] at 2 ¶ 7 ("Defendant admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant denies that the Northern District of Texas is a convenient venue for this dispute and reserves the right to transfer pursuant to 28 U.S.C. § 1404."); *see id.* at 8 ¶ 5 ("Nintendo reserves its rights with respect to venue, including its right to seek a change of venue to another district more convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404. Subject to and without waiving these rights, this Court is a proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because iLife has voluntarily submitted to this Court's jurisdiction in this action.").

[2] *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934, at *3 (U.S. May 22, 2017); *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957).

objections, and that *TC Heartland* did not change the law.[3]   Thus, nothing prevented Nintendo

years ago from pursuing the same objections to venue that prevailed in *TC Heartland*.   Finally,

even if Nintendo had preserved its venue objection, or could somehow undo its statutory waiver,

Nintendo cannot use § 1406(b) to deprive this Court of jurisdiction because Nintendo's motion is

untimely.   Indeed, Nintendo already has sought and caused substantial delays in this matter, the

case is substantially ready for trial, and transfer only would prejudice iLife and create substantial

judicial inefficiencies.   Nintendo's motion should be denied.

## II.   PROCEDURAL BACKGROUND

### A.  Nintendo has waived any venue objection and admitted that venue was proper.

1.   On April 28, 2014, Nintendo filed an answer and counterclaims in this action admitting

that venue is proper in this District: "Defendant **admits** that venue is proper in this District

pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendant denies that the Northern District of

Texas is a convenient venue for this dispute and reserves the right to transfer pursuant to 28

U.S.C. § 1404."[4]   Prior to its pending motion, Nintendo never filed any pleading denying that

venue is proper in this District.[5]

2.   On April 29, 2014, Nintendo filed a motion to transfer venue to the Western District of

Washington under 28 U.S.C. § 1404(a).[6]   However, Nintendo never filed any motion under Rule

---

[3] *See* Ex. A-1, *Cobalt Boats, LLC v. Sea Ray Boats, Inc*., No. 2:15-CV-21, Slip Op. [Doc. 298] (E.D. Va. June 7, 2017) at APP. 012 (emphasis added).

[4] *See* Def.'s Answer & Countercls. [Doc. 7] at 2 ¶ 7 (emphasis added); *see id.* at 8 ¶ 5 ("Nintendo reserves its rights with respect to venue, including its right to seek a change of venue to another district more convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404. Subject to and without waiving these rights, this Court is a proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because iLife has voluntarily submitted to this Court's jurisdiction in this action.").

[5] *See* Def.'s Answer & Countercls. [Doc. 7].

[6] *See* Def.'s Mot. to Transfer [Doc. 10]; 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

12, and Nintendo's motion to transfer venue did not assert that venue was improper in this District.[7]

3. On December 19, 2014, Nintendo filed an amended answer and amended counterclaims, again admitting that venue is proper in this District.[8]

**B. Nintendo has litigated this case without raising the issue of venue.**

4. Nintendo has engaged in substantial litigation activities in this District during the past three and a half years, including: (1) seeking affirmative relief of this Court by asserting counterclaims for declaratory judgment of non-infringement, invalidity, and inequitable conduct;[9] (2) filing a motion to transfer venue under § 1404(a) and a motion to reconsider the transfer motion;[10] (3) conducting extensive discovery, including taking and defending at least 13 depositions prior to filing this Motion;[11] (4) filing a motion to stay pending IPR institution, a second motion to stay based on IPR institution, and an opposition to iLife's motion to lift the stay following the PTAB's final written decisions in the IPR;[12] (5) engaging in multiple rounds of claim construction briefing and arguing two claim construction hearings;[13] (6) designating and

---

[7] *See* Def.'s Mot. to Transfer [Doc. 10].

[8] *See* Def.'s Am. Answer & Countercls. [Doc. 61] at 2 ¶ 7 ("Defendant admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant denies that the Northern District of Texas is a convenient venue for this dispute and reserves the right to transfer pursuant to 28 U.S.C. § 1404."); *see id.* at 9 ¶ 5 ("Nintendo reserves its rights with respect to venue, including its right to seek a change of venue to another district more convenient for the parties and witnesses pursuant to 28 U.S.C. § 1404. Subject to and without waiving these rights, this Court is a proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because iLife has voluntarily submitted to this Court's jurisdiction in this action.").

[9] *See* Def.'s Am. Answer & Countercls. [Doc. 61].

[10] *See* Def.'s Mot. to Transfer [Doc. 10]; Def.'s Mot. to Reconsider Mot. to Transfer [Doc. 29].

[11] *See* Decl. of M. Wilson at APP. 003.

[12] *See* Def.'s Mot. to Stay Pending Institution of IPRs [Doc. 46]; Def.'s Mot. to Stay Based on IPR Institution [Doc. 86]; Def.'s Opp. to iLife's Mot. to Lift Stay [Doc. 99].

[13] *See* Def.'s Opening Claim Constr. Br. [Doc. 49]; Def.'s Resp. Claim Constr. Br. [Doc. 56]; Minute Entry [Doc. 73]; Def.'s Supp. Claim Constr. Br. [Doc. 115]; Def.'s Resp. to iLife's Supp. Claim Constr. Br. [Doc. 118]; Minute Entry [Doc. 123].

serving four expert reports;[14] (7) filing a motion to strike and exclude allegedly undisclosed damages evidence, theories, and opinions of iLife's experts;[15] and (8) opposing iLife's summary judgment motion.[16]

5.   This Court has already invested substantial judicial resources in this case, including: (1) hearing Nintendo's motion to transfer and issuing orders denying it and Nintendo's motion to reconsider;[17] (2) conducting two claim construction hearings;[18] (3) issuing a lengthy claim construction order;[19] (4) ruling on two motions to stay and a motion to lift the stay following the IPRs;[20] and (5) considering numerous motions to strike and a summary judgment motion, and issuing a 51-page memorandum opinion addressing the scope of infringement and invalidity contentions and IPR estoppel.[21]

6.   On May 30, 2017, Nintendo filed its Motion to Dismiss or Transfer under § 1406(a) asserting for the *first time* that venue is improper in this District.[22]

---

[14] *See* Def.'s Expert Witness Designations [Doc. 148]; Def.'s Rebuttal Expert Witness Designations [Doc. 204].

[15] *See* Def.'s Mot. to Strike & Exclude Undisclosed Damages Evidence, Theories & Opinions [Doc. 157].

[16] *See* Def.'s Resp. to iLife's Mot. for Partial Summ. J. on Prior Art Invalidity Defenses [Doc. 167].

[17] *See* Minute Entry [Doc. 27]; Mem. Op. & Order [Doc. 37].

[18] *See* Minute Entry [Doc. 73]; Minute Entry [Doc. 123].

[19] *See* Order [Doc. 142].

[20] *See* Order Denying Stay [Doc. 65]; Order Granting Stay [Doc. 91]; Order Lifting Stay [Doc. 101].

[21] *See* Order [Doc. 198]; Mem. Op. & Order [Doc. 209].

[22] *See* Nintendo's Mot. to Dismiss or Transfer [Doc. 206].

## III.   ARGUMENTS AND AUTHORITIES

### A.  Nintendo has waived its challenge to venue.[23]

#### 1.  Legal standards under Rule 12 and 28 U.S.C. § 1406.

Venue is a waivable personal privilege of a defendant that must be raised at the inception

of the case.[24]  Federal Rule of Civil Procedure 12(h) is entitled "Waiving and Preserving Certain

Defenses."[25]  Under Federal Rule of Civil Procedure Rule 12(h)(1)(B), a defendant waives a

Rule 12(b)(3) venue defense by failing to raise it in a Rule 12 motion or failing to "include it in a

responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."[26]  Rule

12 does not provide any exception to such waiver for defenses under Rule 12(b)(2)–(5).[27]  Thus,

following the expiration of the 21-day period for amendment of pleadings under Rule 15(a)(1), a

party waives any venue objection.[28]  Citing 28 U.S.C. § 1406(a), Nintendo argues that this case

should be transferred or dismissed.  But Nintendo overlooks subsection (b) of § 1406, which

itself incorporates Rules 12's preservation and waiver provisions, stating that a party that fails to

make a "timely and sufficient objection to the venue" waives the ability to challenge venue in

that district:

> (b) *Nothing in this chapter shall impair the jurisdiction of a district court* of any
> matter involving a party who *does not interpose timely and sufficient objection to
> the venue*.[29]

---

[23] As an initial matter, iLife contends that the Court need not address the retroactivity of *TC Heartland* because (1) as discussed below, the Supreme Court in *TC Heartland* did not change the law; and (2) Nintendo has waived its venue objection.

[24] *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("venue, like jurisdiction over the person, may be waived.  A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it.").

[25] *See* FED. R. CIV. P. 12(h).

[26] *See* FED. R. CIV. P. 12(h)(1)(B)(ii); FED. R. CIV. P. 15.  Nintendo did not file a Rule 12 motion.  *See* FED. R. CIV. P. 12(h)(1).

[27] *See* FED. R. CIV. P. 12; FED. R. CIV. P. 15.

[28] FED. R. CIV. P. 12(h)(1)(B)(ii); FED. R. CIV. P. 15; 28 U.S.C. § 1406(b).

[29] *See* 28 U.S.C. § 1406(b) (emphasis added).

Further, a court has broad discretion in deciding motions brought under § 1406.[30]

## 2. Nintendo waived venue by admitting that venue is proper and failing to raise it by a Rule 12 motion.

Nintendo elected not to file any motion to dismiss under Rule 12(b)(3) for improper venue. To the contrary, Nintendo's live answer expressly admits that venue is proper in this District.[31] Nintendo never amended its answer as a matter of course under Rule 15 to raise its venue objection; thus, Nintendo waived any defense of improper venue.[32] The Advisory Committee Notes to Rule 12 confirm the rule's plain language that a party who fails to preserve its venue objection cannot later amend its answer to assert such objection:

> By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading. Since the language of the subdivisions is made clear, the party is put on fair notice of the

---

[30] *See, e.g., Farley v. Cernak*, No. CV 15-5956, 2016 WL 162238, at *3 (E.D. Pa. Jan. 13, 2016) ("given that Defendants' waiver *makes this improper venue into a proper venue*, it would be inappropriate for the Court to transfer this case pursuant to 28 U.S.C. § 1406(a)") (emphasis added); *see also Nolasco v. United States*, 358 F. Supp. 2d 224, 234 n. 16 (S.D.N.Y. 2004) (citing § 1406(b) and holding that "[a]lthough the *Braden* factors indicate that the Southern District of New York was *never* the proper venue for this case, the Government did not raise an objection based on improper venue and has therefore waived this argument.") (emphasis added); *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 207 (S.D.N.Y. 1998) (denying motion to transfer under § 1406, stating that "[o]nce objections to venue are waived, any defect in venue is cured, and the benefits of a § 1406(a) transfer for lack of venue are no longer available").

[31] *See* Def.'s Am. Ans. & Countercl. [Doc. 61] at 2, ¶ 7; *see id.* at 9 ¶ 5.

[32] *See* Fed. R. Civ. P. 12(h)(1)(B)(ii); Fed. R. Civ. P. 15(a)(1); *see* Def.'s Answer & Countercls. [Doc. 7]; Def.'s Am. Answer & Countercls. [Doc. 61]; *Insiders Edge, Inc. v. Inst. Research Servs., Inc.*, No. 3:94-CV-0088-R, 2004 WL 2203246, at *9 (N.D. Tex. Sept. 30, 2004) ("IRS waived any venue objection by being the party first to raise issues with respect to the 1989 Agreement in its First Counterclaim filed in January 1994."); *Conn Credit I, LP v. TF LoanCo III, LLC*, No. 1:14-CV-00429, 2015 WL 13036678, at *3 (E.D. Tex. Mar. 11, 2015) ("TF LoanCo did not object to personal jurisdiction under 12(b)(2) in its answer, its 12(b)(3) challenge, or any other motion. It has therefore waived this defense"); *Sanders v. Johnson,* No. CIV.A. H-04-881, 2005 WL 2346953, at *1 (S.D. Tex. Sept. 26, 2005) ("Because Defendant neither filed a Rule 12(b) motion challenging venue in this District nor challenged venue in his Answer, his defense of improper venue is waived.").

effect of his actions and omissions and can guard himself against unintended waiver.[33]

Courts routinely find waiver based on a defendant's admission of proper venue in its answer or the defendant's failure to object to venue.[34]   By failing to make a "timely and sufficient" objection to venue—and instead affirmatively stating that venue is proper in its answer—Nintendo has permanently waived its venue defense.[35]   Nintendo is bound by its judicial admission to venue in this District.  Nintendo's motion never addresses that the Rules do not provide any basis for "taking back" its statutory waiver.

### 3. Nintendo waived its venue defense by actively litigating this case for over three years without pursuing a venue defense.

Even if Nintendo had properly and timely preserved its venue defense, Nintendo waived any objection by its conduct in this lawsuit and by failing to diligently pursue a venue defense.[36]

---

[33] Advisory Comm. Note to FED. R. CIV. P. 12.

[34] *See* Ex. A-1, *Cobalt Boats, LLC v. Sea Ray Boats, Inc*., No. 2:15-CV-21, Slip Op. [Doc. 298] (E.D. Va. June 7, 2017) at APP. 011-012; *Aisner v. Penn Mut. Life Ins. Co.*, 53 F.3d 1282 at * 1 n. 2 (5th Cir. 1995) (citing FED. R. CIV. P. 12(h)(1) and holding that "[a]fter failing to make a timely objection to venue in district court, Shields argues on appeal that venue was not proper in the Eastern District of Texas. Shields has waived his improper venue claim and may not assert such a claim before this Court."); *Smith v. Saetre*, No. 5:12-CV-228-C, 2013 WL 12124600, at *1 (N.D. Tex. Feb. 12, 2013) (citing FED. R. CIV. P. 12(h) and holding that "[b]y failing to timely raise a venue challenge, Defendants waived their right to make a motion to dismiss for improper venue."); *Nexon Am., Inc. v. Cornwall,* No. CV 12-160-GW (FFMX), 2012 WL 12893775, at *3 (C.D. Cal. Sept. 18, 2012) ("Defendant Crane waived venue because his Answer admits that venue is proper in this District."); *Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 306 (4th Cir. 2011) ("Ortega waived her objection to the venue when she admitted venue was proper in her answer to Young Again's amended complaint and thereby failed to object to venue").

[35] FED. R. CIV. P. 12(h)(1)(B); 28 U.S.C. § 1406(b).

[36] *Hunt v. Bankers Trust Co*., 799 F.2d 1060, 1068 (5th Cir. 1986) ("venue is a privilege personal to a litigant, and, even when venue is laid in a court where it would otherwise be improper, it may be waived by express agreement or by conduct"); *see, e.g., Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999) (finding waiver of Rule 12 personal jurisdiction defense because defendant participated in four years of active litigation after inclusion of defense in answer); *Continental Bank v. Meyer*, 10 F 3d 1293, 1296–1297 (7th Cir. 1993) (finding Rule 12 personal jurisdiction defense waived where defendants "participated in lengthy discovery, filed various motions and opposed a number of motions" and "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction"); *Wordtech Sys. Inc. v. Integrated Network Sol. Corp*., No. 04-cv-1971, 2014 WL 2987662, at *4 (E.D. Cal. Jul. 1, 2014) (finding venue waived where it was raised in answer but moved to dismiss for improper venue after eight years of active litigation).

In *Hamilton*, for example, the defendant participated in four years of litigation before moving to dismiss under Rule 12(b)(2).[37] The Second Circuit concluded that "Atlas forfeited its defense of lack of personal jurisdiction by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss during the four-year interval that followed its inclusion of the defense in its answer."[38]

This case has been pending since December of 2013. Since that time, Nintendo has actively engaged in litigation in this Court—including participating in all of the proceedings, discovery, claim construction hearings, and filings discussed above (Section II.B)—without ever objecting to venue.[39] Such conduct and untimeliness also results in waiver of any venue defense.

**B. *TC Heartland* does not undo Nintendo's waiver.**

### 1. The Fifth Circuit does not recognize the intervening change in law exception.

Despite the fact that Rule 12 does not provide for any exception to waiver, Nintendo argues that it did not waive its venue objection because *TC Heartland* changed the law. Nintendo cites certain decisions from other circuits adopting a limited exception to certain types of waiver based on an intervening change in the law.[40] However, Fifth Circuit law applies to procedural issues, including venue, that are not unique to patent law.[41] The Fifth Circuit has not

---

[37] *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 62 (2d Cir. 1999).

[38] *See id.* ("we note that the issue is more properly considered one of forfeiture than of waiver. The term 'waiver' is best reserved for a litigant's intentional relinquishment of a known right. Where a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate").

[39] *See supra* n. 36.

[40] *See* Def.'s Mot. to Dismiss or Transfer [Doc. 206] at 8.

[41] *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (reviewing denial of motion to transfer venue under Fifth Circuit law, reasoning that "because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits, in this case the United States Court of Appeals for the Fifth Circuit"); *Gellman v. Telular Corp.*, 449 F. App'x 941, 943 (Fed. Cir. 2011) ("A dismissal for lack of subject matter jurisdiction is a procedural

adopted any rule that would permit a party to reverse its prior admission or waiver of venue.  In *DSC Communications*, the only Fifth Circuit case that Nintendo cites, the court addressed whether the defendant was entitled to raise an issue in a supplemental brief despite defendant's failure to raise that issue in initial brief after oral argument.[42]  *DSC Communications* does not support setting aside an unequivocal statutory waiver under Rule 12.[43]  In any event, subsequent Fifth Circuit authority undermines the holding in *DSC Communications*.[44]  In *Martinez*, the Fifth Circuit held that Martinez waived her waiver-by-removal claim by raising it for the first time on appeal, and considered and *declined* to adopt the intervening change in law doctrine:

> With these approaches to guide our decision, **we see no sound reason to depart now from our long established course of refusing, absent extraordinary circumstances, to entertain legal issues raised for the first time on appeal.**[45]

Absent clear guidance from the Fifth Circuit providing for a common law exception to venue waiver under Rule 12(h)(1), this Court is bound to apply the rule according to its plain language.  Notwithstanding that Fifth Circuit law governs the venue analysis here, Nintendo also relies upon the Federal Circuit's decision in *Forshey* which concerned whether issues that were not raised before the Court of Appeals for Veterans Claims could be considered on appeal for the

---

question not unique to patent law, and so this court follows the law of the regional circuit, here the Fifth Circuit").

[42] *DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 n. 2 (5th Cir. 1997) ("Next Level did not originally argue to this Court that Eames and Keeler could not be liable as they were not officers, directors or major shareholders in their original brief. Next Level did, however, raise the argument that Eames and Keeler were only high level employees who did not occupy positions as officers, directors or major shareholders in the district court. It did not originally argue this theory on appeal as support for its allegation Next Level did not divert a corporate opportunity because the issue has not been definitively decided in Texas state court, and the only federal case law specifically addressing this issue was the district court holding in *United Teachers* overruled on appeal by this Court's holding.").

[43] *See id.*

[44] *Martinez v. Texas Dept. of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).

[45] *Id.* at 574–75 (emphasis added).

first time.[46]   However, the holding in *Forshey* contradicts Nintendo's position because the Federal Circuit held that certain validity and burden of proof issues that were not raised below could not be raised on appeal.[47]   Further, the *Forshey* holding was considered and cited by the Fifth Circuit in *Martinez*, but the Fifth Circuit confirmed that Martinez waived her defense.[48]

Based on the plain language of Rule 12, a "waiver exception" does not exist.[49] Moreover, because of the nature of the defense and the timing of the objection, the Federal Rules recognize that venue is a procedural convenience, and is afforded less protection than other substantive rights.[50]   Thus, even if the Court were to consider application of an intervening law exception, forfeiture of a venue defense does not amount to "extraordinary circumstances" justifying retroactive application of such an exception.[51]

Nintendo has failed to cite any Supreme Court or Fifth Circuit authority applying an intervening change in law exception to the codified waiver provisions in Rule 12(h) and 28 U.S.C. § 1406.[52]   Absent such authority, this Court should not recognize an uncodified exception to Rules adopted by the Supreme Court.[53]

### 2. *TC Heartland* did not change the law but reaffirmed the 60-year old precedent established in *Fourco*.

Even if this Circuit recognized an intervening law exception, it does not apply here. Nintendo cites cases applying a narrow exception to waiver that permits a defendant to raise a

---

[46] *See Forshey v. Principi*, 284 F.3d 1335, 1355–58 (Fed. Cir. 2002).

[47] *See id.* at 1358.

[48] *See Martinez*, 300 F.3d at 574 (citing *Forshey*, 284 F.3d at 1355–58).

[49] FED. R. CIV. P. 12(h).

[50] *See* Advisory Comm. Note to FED. R. CIV. P. 12; *Leroy*, 443 U.S. at 180; *Blaski*, 363 U.S. at 343.

[51] *Martinez*, 300 F.3d at 574-75; *United States v. McCrimmon,* 443 F.3d 454, 463 n 44 (5th Cir. 2006) ("[p]rocedural default rules are not trumped by the retroactivity of later decided cases").

[52] *See* Nintendo's Mot. to Dismiss or Transfer [Doc. 206] at 8.

[53] *See* 28 U.S.C. § 2072.

defense that was legally unavailable to it, but subsequently becomes available due to an intervening *change* in the law.[54]   Nintendo's argument based on "unavailability" fails because *TC Heartland* did not change the law.[55]   Rather, the Supreme Court in *TC Heartland* reaffirmed the 60-year old precedent established in *Fourco*, in which "this Court *definitively and unambiguously* held that the word 'reside[nce]' in § 1400(b), as applied to domestic corporations, refers only to the State of incorporation."[56]   Section 1400 was never amended or supplanted, *Fourco* was never overruled, and the law never changed:

> Congress has not amended § 1400(b) since this Court construed it in *Fourco,* but it has amended § 1391 twice. Section 1391 now provides that, "[e]xcept as otherwise provided by law" and "[f]or all venue purposes," a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." §§ 1391(a), (c). The issue in this case is whether that definition supplants the definition announced in *Fourco* and allows a plaintiff to bring a patent infringement lawsuit against a corporation in any district in which the corporation is subject to personal jurisdiction. **We conclude that the amendments to § 1391 did not modify the meaning of § 1400(b) as interpreted by *Fourco*.** We therefore hold that a domestic corporation "resides" only in its State of incorporation for purposes of the patent venue statute.[57]

Indeed, the Federal Circuit in *VE Holding* had no authority to overrule binding Supreme Court precedent.[58]   Because *Fourco* has remained good law since 1957, Nintendo's arguments that "*TC Heartland* changed the law regarding the proper venue for patent infringement actions against domestic corporations" and that its venue objection previously was "unavailable" fail.[59]

---

[54] *See id.*

[55] *TC Heartland LLC*, 2017 WL 2216934, at *3.

[56] *Id.* at *2 (emphasis added).

[57] *Id.* at *3 (emphasis added).

[58] *See Thurston Motor Lines. Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its precedents.").

[59] *See* Def.'s Mot. to Dismiss or Transfer [Doc. 206] at 6-7.

On June 7, 2017, the Eastern District of Virginia rejected the very arguments that Nintendo makes here, finding that the defendant waived venue by admitting venue in its answer, and that *TC Heartland* was not an intervening change in the law:

> The twenty-seven (27) year viability of *VE Holding* is certainly surprising in light of the Supreme Court's view on *Fourco*, but the circuit courts are only empowered to express the law of their circuit "[i]n the absence of a controlling decision by the Supreme Court. . . ." *See Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986). The Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent. *See Thurston Motor Lines. Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its precedents.").
>
> Based on the Supreme Court's holding in *TC Heartland*, ***Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957**. Accordingly, the Court FINDS that *TC Heartland* **does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*. Defendant Brunswick's assumption that *Fourco* was no longer good law was reasonable but wrong, and it cannot be excused from its waiver by saying there was a change in the law**.[60]

Nintendo could have filed a motion to dismiss under Rule 12(b)(3) or denied proper venue in its answer just like the defendant did in *TC Heartland*.[61]   The success of TC Heartland's objection, and the fact that its objection relied on the 60-year-old *Fourco* decision, demonstrates that such objection was both meritorious and available to Nintendo.   On June 9, 2017, the Federal Circuit denied a petition for mandamus in *Cobalt Boats* because the petitioner could not show any clear abuse of discretion, usurpation of judicial power, or a clear and undisputable right to such relief.[62]

---

[60] *See* Ex. A-1, *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, Slip Op. [Doc. 298] (E.D. Va. June 7, 2017) at APP. 012 (emphasis added).

[61] *See TC Heartland,* 2017 WL 2216934, at *3 (discussing procedural history); *see also* Ex. A-2, TC Heartland's Mot. to Dismiss at APP. 030-031.

[62] *See* Ex. A-5, *In re Sea Ray Boats, Inc.*, Case No 2017-124, Order Denying Mandamus (Fed. Cir. June 9, 2017) at APP. 141-42. *But see id.* at APP. 144-45 (Newman, J., dissenting).

### 3. Nintendo's cases do not excuse a waiver where, as here, the defendant expressly admitted that venue is proper.

Nintendo has cited no case where the defendant expressly admitted that venue was proper in its answer, and the Court nevertheless excused waiver due to an intervening change in the law. To the contrary, Nintendo relies on many cases in which the defendant had preserved its jurisdictional defense.[63]   In *Holzsager*, the court found that the defendant did not waive its jurisdictional challenge under a retroactive application of the Supreme Court's *Rush v. Savchuk* opinion because "[t]he plain language of the [defendant's] second affirmative defense, that the court 'lacked jurisdiction over the person of the defendant,' was literally broad enough to encompass lack of jurisdiction on the grounds later upheld by the Supreme Court in *Rush v. Savchuk*."[64]   In *Engel*, the court found no waiver where the "defendants attempted to preserve their venue challenge in their answer," and then intervening statutory amendments to the venue provision (28 U.S.C. § 1391(a)) during pendency of the case changed the proper venue from California to New York.[65]   The cases do not support Nintendo's request for such extraordinary relief where (a) Nintendo did not attempt to preserve its venue defense like the defendant in *Engel*, but instead expressly admitted venue was proper; and (b) there has been no statutory amendment to the venue provision at issue here, as made clear in *TC Heartland*.[66]

The remaining cases cited by Nintendo—*Gucci, Weiss,* and *Strauss*—also are distinguishable.  In *Gucci*, the issue before the Second Circuit was whether a non-party bank's appearance in the district court constituted a waiver of its objection to general jurisdiction—not

---

[63] *See, e.g., Holzsager v. Valley Hosp.,* 646 F.2d 792, 795–796 (2d Cir. 1981) (finding no waiver where the defendant broadly pleaded that court "lacked jurisdiction over the person of the defendant"); *Engel v. CBS, Inc.*, 886 F. Supp. 728, 730 (C.D. Cal. 1995) (finding no waiver where the "defendants attempted to preserve their venue challenge in their answer").

[64] *Holzsager v. Valley Hosp.*, 646 F.2d 792, 795–96 (2d Cir. 1981).

[65] *Engel*, 886 F. Supp. at 731–32.

[66] *TC Heartland LLC*, 2017 WL 2216934, at *3.

whether a defendant waives venue by expressly admitting venue in its answer.[67]  Further, the *Gucci* opinion was based on the Supreme Court's holding in *Daimler*, in which "the Supreme Court **for the first time addressed** the question whether, consistent with due process, 'a foreign corporation may be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary.'"[68]  *TC Heartland* did not change the law, but merely reaffirmed its 60 year old *Fourco* precedent.[69]  Both *Weiss* and *Strauss* depend on the Second Circuit's analysis in *Gucci* (and ultimately the *Daimler* holding), and the defendants in *Weiss* and *Strauss* did not admit that jurisdiction was proper in their answers.[70]

Finally, *Curtis* did not involve waiver of a procedural issue like venue in which courts routinely find waiver,[71] but the assertion of a first amendment constitutional right—"a freedom which is the 'matrix, the indispensable condition, of nearly every other form of freedom.'"[72]  The

---

[67] *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135–36 (2d Cir. 2014).

[68] *Id.* at 134–35 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 759 (2014)) (emphasis added); *Daimler*, 134 S. Ct. at 759 ("This Court has not yet addressed whether a foreign corporation may be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary.").

[69] *TC Heartland LLC*, 2017 WL 2216934, at *3 (emphasis added).

[70] *See* Ex. A-3, National Westminster Bank's Answer, at ¶2 APP. 036 (venue allegations include that defendant "denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that plaintiffs purport to base jurisdiction on the statutory provisions cited therein"); *see* Ex. A-3, Credit Lyonnais's Answer, at ¶2 at APP. 036 (venue allegations include that defendant "denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that plaintiffs purport to base jurisdiction on the statutory provisions cited therein"); *Weiss v. Nat'l Westminster Bank PLC*, 176 F. Supp. 3d 264, 273–274 (E.D.N.Y. 2016) (holding that the defendant-bank did not waive its personal jurisdiction defense by omitting that defense from its prior motions to dismiss and then actively litigating the case); *Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 13 (E.D.N.Y. 2016) (same).

[71] *Thomas v. United States*, 267 F.2d 1, 1–2 (5th Cir. 1959) ("The right claimed by defendant is a procedural one and may be waived, and the record is devoid of any objection on the trial on the ground of improper venue"); *see supra* n. 34.

[72] *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 142–43 (1967) (The issue was whether a defendant in a libel case whose trial occurred *before* the *New York Times* decision (announcing the rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice") waived his first amendment constitutional right pronounced in *New York Times* by failing to assert a general constitutional defense at trial) (internal citations omitted).

14

Advisory Committee Notes to Rule 12 further reinforce that a venue defense under 12(b)(3) is a less substantial defense that is subject to waiver unlike other "substantial" Rule 12 defenses.[73] For all of these reasons, Nintendo's Motion should be denied.

## C.  Section 1406(b) precludes Nintendo's untimely venue motion.

Reinforcing the express waiver provisions in Rule 12, Section 1406(b) provides that a party that fails to make a "timely and sufficient objection to the venue" waives the ability to challenge the jurisdiction of the court *even if venue is improper*.[74]  Nintendo's motion comes 42 months after this case was filed. Transfer at this stage would only further delay this litigation after the parties and the Court have invested substantial time, effort, and resources during the three-year pendency of this case, including two claim construction hearings, a lengthy claim

---

[73] Advisory Comm. Note to FED. R. CIV. P. 12 ("It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim (see Rule 12(b)(6), (7), (f)), as well as the defense of lack of jurisdiction over the subject matter (see Rule 12(b)(1)), are expressly preserved against waiver by amended subdivision (h)(2) and (3).").

[74] 28 U.S.C. § 1406(a)-(b) (*nothing in this chapter shall impair the jurisdiction of a district court* of any matter involving a party who *does not interpose timely and sufficient objection to the venue*.) (emphasis added); *see, e.g., Farley*, 2016 WL 162238, at *2 ("From a preliminary review, it would appear that venue is improper in this district.  However, Defendants failed to raise this issue in their Motion to Dismiss. Defendants' Motion to Dismiss only raised the issue of the statute of limitations. To preserve a challenge regarding improper venue, a defendant must raise the issue in the responsive pleading. Fed. R. Civ. P. 12(b)(3). . . . If the responsive pleading does not challenge improper venue, the defense is waived. FED. R. CIV. P. 12(h). Thus, where a defendant does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, *even if the venue would otherwise be improper*. 28 U.S.C. § 1406(b). Defendants have not moved to dismiss or transfer this case due to improper venue. As such, Defendants have waived their objection to improper venue. . . . Likewise, given that Defendants' waiver *makes this improper venue into a proper venue*, it would be inappropriate for the Court to transfer this case pursuant to 28 U.S.C. § 1406(a)") (emphasis added); *Nolasco*, 358 F. Supp. 2d at 234 (citing § 1406(b) and holding that "[a]lthough the *Braden* factors indicate that the Southern District of New York was never the proper venue for this case, the Government did not raise an objection based on improper venue and has therefore waived this argument."); *Orb Factory, Ltd.*, 6 F. Supp. 2d at 207 (denying motion to transfer under § 1406, stating that "[o]nce objections to venue are waived, any defect in venue is cured, and the benefits of a § 1406(a) transfer for lack of venue are no longer available").

construction order, orders on motions to strike invalidity and infringement contentions, and a summary judgment order on IPR estoppel, among other things.[75]

iLife, as a patent owner, has a strong interest in timely enforcement of the '796 patent.[76] Nintendo has repeatedly attempted to delay this case through motions to stay, filing 6 IPRs, opposing iLife's motion to lift the stay following the IPRs, seeking a continuance of trial, and now raising its untimely venue objection.[77]   This case is set for trial in just 70 days.   iLife's lead inventor and principal is 84 years old and deserves his day in court without further delay.[78] Accordingly, Nintendo's motion is untimely under § 1406(b).[79]

## IV.   CONCLUSION

For the foregoing reasons, iLife requests that the Court deny Nintendo's Motion to Dismiss or Transfer, and all other relief to which it is entitled.

---

[75] *See supra* Section II.B.

[76] *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, No. 6:11-CV-455, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014) ("ThinkOptics has an interest in timely enforcing its patents.").

[77] *See* Def.'s Mot. to Stay Pending Institution of IPRs [Doc. 46]; Def.'s Mot. to Stay Based on IPR Institution [Doc. 86]; Def.'s Opposition to iLife's Mot. to Lift Stay [Doc. 99].

[78] *See* Pl.'s Resp. to Mot. to Stay [Doc. 89] at 8 (discussing prejudice); *see also* Decl. of Michael Lehrman [Doc. 63] at App. 3-4.

[79] *See* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Dated: June 12, 2017                     Respectfully submitted,

                                         */s/ Michael C. Wilson*
                                         Michael C. Wilson
                                         mwilson@munckwilson.com
                                         Texas Bar No. 21704590
                                         S. Wallace Dunwoody
                                         wdunwoody@munckwilson.com
                                         Texas Bar No. 24040838
                                         Jacob LaCombe
                                         jlacombe@munckwilson.com
                                         Texas Bar No. 24070098
                                         Jordan C. Strauss
                                         jstrauss@munckwilson.com
                                         Texas Bar No. 24088480

                                         **MUNCK WILSON MANDALA, LLP**
                                         12770 Coit Road, Suite 600
                                         Dallas, Texas 75251
                                         Telephone: (972) 628-3600
                                         Facsimile: (972) 628-3616

                                         **ATTORNEYS FOR PLAINTIFF
                                         iLIFE TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all known counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure on June 12, 2017.

                                         */s/ Michael C. Wilson*
                                         Michael C. Wilson

731076.

17