IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:13-cv-04987 |
| v. | § | |
| | § | |
| NINTENDO OF AMERICA INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NINTENDO OF AMERICA INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER
FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)**

**Table of Contents**

Page

I. Introduction ........................................................................................................... 1

II. Argument .............................................................................................................. 2

    A. *TC Heartland* Constitutes a Change of Law ............................................. 2

    B. NOA Is Entitled To Raise an Improper Venue Defense ........................... 4

        1. The Fifth Circuit Recognizes the Retroactivity of Supreme Court Decisions ..................................................................................... 5

        2. The Fifth Circuit Recognizes an Exception to a Waiver of a Defense ......................................................................................... 6

        3. Trial in an Improper Venue Constitutes an Extraordinary Circumstance ................................................................................ 8

III. Conclusion .......................................................................................................... 10

# Table of Authorities

                                                                                                                       **Page**

**Cases**

*AG Acceptance Corp. v. Veigel*,
   564 F.3d 695 (5th Cir. 2009) ............................................................................................. 6, 10

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994)..................................................................................................5

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
   No. 2:15-cv-21, 2017 WL 2556679 (E.D. Va. June 7, 2017)....................................................3

*Crawford v. Falcon Drilling Co., Inc.*,
   131 F.3d 1120 (5th Cir. 1997) .............................................................................................. 2, 5

*Doleac v. Michaelson*,
   264 F.3d 470 (5th Cir. 2001) ................................................................................................ 6, 7

*Forshey v. Principi*,
   284 F.3d 1335 (Fed. Cir. 2002)............................................................................................ 2, 5

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
   353 U.S. 222 (1957)................................................................................................................ 1, 3

*Fusilamp, LLC v. Littelfuse, Inc.*,
   10-20528-CIV-ALTONAGA, Doc. 106 (S.D. FL. June 12, 2017) ..........................................5

*Grice v. McDermott & Co., Inc.*,
   465 F.2d 486 (5th Cir. 1972) ....................................................................................................7

*Harper v. Virginia Dep't of Taxation*,
   509 U.S. 86 (1993)............................................................................................................. 2, 5, 6

*Hulin v. Fibreboard Corp.*,
   178 F.3d 316 (5th Cir. 1999) ....................................................................................................6

*In re Sea Ray Boats, Inc.*,
   2017 WL 2577399 (Fed. Cir. June 9, 2017) ...................................................................... 1, 3, 9

*Lapides v. Bd. of Regents of the Univ. System of Ga.*,
   535 U.S. 613 (2002)...................................................................................................................7

*Leroy v. Great W. United Corp.*,
   443 U.S. 173 (1979)...................................................................................................................9

*Lexecon Inc v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26 (1998).....................................................................................................................8

**Table of Authorities**
(continued)

Page

*Marbury v. Madison*,
  5 U.S. 137 (1803) ............................................................................................................... 3

*Martinez v. Texas Dept. of Criminal Justice*,
  300 F.3d 567 (5th Cir. 2002) ...................................................................................... 2, 6, 7

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*,
  175 F.3d 1356 (Fed.Cir.1999) ............................................................................................ 5

*Nutrition Physiology Corp. v. Enviros Ltd.*,
  87 F. Supp. 2d 648 (N.D. Tex. 2000) ............................................................................. 4, 7

*Panduit Corp. v. All States Plastic Mfg. Co., Inc.*,
  744 F.2d 1564 (Fed. Cir. 1984) .......................................................................................... 4

*Reynoldsville Casket Co. v. Hyde*,
  514 U.S. 749 (1995) ........................................................................................................... 6

*Richardson-Merrell, Inc. v. Koller*,
  472 U.S. 424 (1984) ........................................................................................................... 4

*Rooters v. State Farm Lloyds*,
  428 F. App'x 441 (5th Cir. 2011) ....................................................................................... 6

*Schlachter v. Am. Ingenuity, Inc.*,
  3:96-CV-1914-P, 1997 WL 405165 (N.D. Tex. July 14, 1997) ..................................... 4, 7

*Script Security Solutions LL v. Amazon.com. Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016) ............................................................................... 8

*Sierra Club, Inc. v. Sandy Creek Energy Associates, L.P.*,
  2009 WL 10669169 (W.D. Tex. Sept. 28, 2009) ............................................................... 6

*Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*,
  627 F.3d 134 (5th Cir. 2010) .............................................................................................. 6

*St. Lawrence Comm'n LLC v. HTC Corp.*,
  2:15-CV-919-JRG, 2016 WL 1077950 (E.D. Tex. March 18, 2016) ................................. 8

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  581 U.S. ____, 137 S. Ct. 1514 (May 22, 2017) ...................................................... 1, 2, 3, 4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017) .................................................... 1, 3

**Table of Authorities**
(continued)

Page

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
  3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) .................................... 4, 7

*TrafFix Devices v. Mktg. Displays*,
  532 U.S. 23 (2001) ................................................................................................................ 5

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (1990) ................................................................................................. passim

*Wisconsin Dept. of Corrections v. Schacht*,
  524 U.S. 381 (1998) ............................................................................................................ 7

**Statutes**

28 U.S.C. § 1391(c) .................................................................................................................. 3

35 U.S.C. § 1391 ....................................................................................................................... 1

I.  **INTRODUCTION**

iLife does not dispute that if it filed this case today, venue would be improper as to NOA. NOA does not reside in the Northern District of Texas nor does it have a regular and established place of business in this District. Rather, iLife's Opposition rests on the faulty premise that *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. ____, 137 S. Ct. 1514 (May 22, 2017), did not change the law regarding venue and that, even if *TC Heartland* did change the law, the Fifth Circuit does not recognize the intervening change in law exception to waiver. iLife is wrong on both counts.

First, *TC Heartland* changed the binding law of patent venue as stated in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990), *abrogated by TC Heartland*, 581 U.S. ____, 137 S. Ct. 1514 (May 22, 2017). The Supreme Court left no doubt it was changing the controlling law set forth by the Federal Circuit in *VE Holdings*, announcing that "[w]e reverse the Federal Circuit." *TC Heartland*, 137 S. Ct. at 1520. *VE Holding* was based on the Federal Circuit's view that Congress's amendments to 35 U.S.C. § 1391 superseded the Supreme Court's decision in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957). The Supreme Court rejected this long-held view, ruling that, despite these amendments, Section 1391 does not control Section 1400(b). As Judge Newman of the Federal Circuit recently noted, "[t]here is little doubt that the Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017), was a change in the law of venue." *In re Sea Ray Boats, Inc.*, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (Newman, J., dissenting).

Second, although it is far from settled as to whether Federal Circuit or Fifth Circuit law applies to the waiver of an unknown improper patent venue defense under Fed. R. Civ. P. 12, NOA is entitled to an exemption to waiver based on an intervening change of law under both Federal Circuit and Fifth Circuit law. Federal Circuit law recognizes that a change in controlling law is an

1

exception to the waiver of a defense. *See Forshey v. Principi*, 284 F.3d 1335 (Fed. Cir. 2002), *superseded by statute on other grounds* (recognizing, without applying, the change-of-law exception to waiver). And Fifth Circuit law recognizes the retroactive application of Supreme Court decisions to "all cases still open on direct review." *Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1124 (5th Cir. 1997) (quoting *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)). iLife's erroneous interpretation of *Martinez v. Texas Dept. of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002), does not change this. *Martinez* dealt with a "waiver-by-removal" defense, on which the law was "not so settled . . . that raising [Martinez's] waiver-by-removal claim in district court would have been pointless or futile." *Id.* at 574-75. By contrast, the law of patent venue was settled by *VE Holding* and raising an improper venue defense in NOA's answer would have been "pointless or futile."

Accordingly, *TC Heartland* was a change in the controlling precedent of patent venue and NOA's assertion of an improper venue defense is timely and allowed by both Federal Circuit and Fifth Circuit law. The Court should grant NOA's motion and either dismiss or transfer venue to the Western District of Washington.

## II.   ARGUMENT

### A.   *TC Heartland* Constitutes a Change of Law

The Supreme Court's opinion in *TC Heartland* changed long-standing and binding Federal Circuit precedent. iLife argues that *TC Heartland* merely "reaffirmed 60-year old precedent established in *Fourco*." *See* Response at 1, 10-12. The Supreme Court did not just "reaffirm" *Fourco*, it expressly reversed the binding *VE Holdings* decision. The Supreme Court overruled *VE Holdings* because the Federal Circuit had erroneously interpreted a statutory amendment to Section 1391 as changing the definition of "reside" in Section 1400(b), thus allowing a plaintiff to

2

bring a patent infringement suit in any venue where personal jurisdiction over a defendant corporation is proper. *See TC Heartland*, 137 S. Ct. at 1520 ("We reverse the Federal Circuit.").

iLife relies on the Eastern District of Virginia's decision in *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, which erroneously held that *TC Heartland* did not change the law of patent venue. No. 2:15-CV-21, 2017 WL 2556679 (E.D. Va. June 7, 2017). The *Cobalt Boats* opinion never mentioned the important fact that the Supreme Court reversed the Federal Circuit. The Virginia Court instead focused on the Federal Circuit's lack of authority to overrule Supreme Court precedent, which is a non sequitur.[1]

The Federal Circuit did not, nor could it, "overrule" *Fourco* in *VE Holding*, but instead acted within its power to interpret new statutory law that it believed altered *Fourco*. *See Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the Judicial Department to say what the law is."). Thirty-one years after the Supreme Court's decision in *Fourco*, Congress amended Section 1391(c) to read "*[f]or purposes of venue under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (1988) (emphasis added to reflect changes). Two years later, the Federal Circuit interpreted this amendment in *VE Holding* and held that "[t]he phrase 'this chapter' refers to chapter 87 of title 28, which encompasses §§ 1391-1412, and thus includes § 1400(b). On its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." *VE Holding*, 917 F.2d at 1578.

---

[1] Although the majority denied mandamus in the *Cobalt Boats* case "[u]nder the circumstances," Judge Newman acknowledged that "[t]here is little doubt that the Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017), was a change in the law of venue." *In re Sea Ray Boats, Inc.*, 2017 WL 2577399, at *1 (Newman, J., dissenting).

The Federal Circuit controls patent cases in U.S. District Courts and its interpretation of Sections 1391(c) and 1400(b) was the controlling law of patent venue for over twenty-seven years. *See TC Heartland*, 137 S. Ct. at 1520 ("In its decision below, the Federal Circuit reaffirmed *VE Holding*, reasoning that the 2011 amendments provided no basis to reconsider its prior decision."); *Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1574-75 and n.14 (Fed. Cir. 1984) (per curium) ("[A] district court exercising jurisdiction pursuant to 28 U.S.C. § 1338 is bound by the substantive patent law of this circuit."), *overruled on other grounds by Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1984).

For years, District Courts like this one relied on this interpretation of venue. *See, e.g.*, *Toshiba Corp. v. Hynix Semiconductor, Inc.*, 3:04-CV-2391-L, 2005 WL 2415960, at *3 n. 4 (N.D. Tex. Sept. 30, 2005) (relying on the interpretation of Section 1400(b) in *VE Holding*); *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 652, 657 (N.D. Tex. 2000) (finding no personal jurisdiction and thus no venue over Defendant Biotal Ltd. under *VE Holding*); *Schlachter v. Am. Ingenuity, Inc.*, 3:96-CV-1914-P, 1997 WL 405165, at *4 (N.D. Tex. July 14, 1997) (citing *VE Holding* for the principal that "§ 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section."). These decisions from this District underscore the fact that *TC Heartland* signifies a change in law and NOA did not have an improper venue defense available to it at the time it filed its Answer.

### B. NOA Is Entitled To Raise an Improper Venue Defense

NOA may raise its improper venue defense under either Federal Circuit law or Fifth Circuit law. Because patent venue is an issue unique to patent law, Federal Circuit law may control the issue of whether NOA may raise its improper venue defense under *TC Heartland*.[2] If Federal

---

[2] "[A] procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters

4

Circuit law applies, there is no dispute that NOA is entitled to raise its improper venue defense. *See Forshey*, 284 F.3d at 1356 (recognizing an exception to waiver "when there is a change in the jurisprudence of the reviewing court or the Supreme Court"). Even if Fifth Circuit law is applied, the Fifth Circuit recognizes both the retroactivity of Supreme Court decisions and exceptions to waived defenses. Accordingly, NOA may raise an improper venue defense under either Federal Circuit or Fifth Circuit law and the Court should dismiss or transfer this matter to the Western District of Washington.

### 1. The Fifth Circuit Recognizes the Retroactivity of Supreme Court Decisions

iLife incorrectly contends that "the Court need not address the retroactivity of *TC Heartland*" because the decision "did not change the law." Response at 5 n.23. But, as discussed above, *TC Heartland* changed the law of patent venue and its retroactivity is central to the issue of whether NOA is entitled to raise an improper venue defense.[3]

The retroactive effect of *TC Heartland* permits NOA to raise its improper venue defense. The Fifth Circuit "has adopted as its own the Supreme Court's rules on the retroactivity of legal principles announced in civil cases." *Crawford*, 131 F.3d at 1124 (citing *Harper*, 509 U.S. at 97);

---

committed to our exclusive control by statute, or if it implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction." *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed.Cir.1999) (en banc in relevant part), *overruled in part on other grounds by TrafFix Devices v. Mktg. Displays*, 532 U.S. 23 (2001) (citations and internal quotation marks omitted); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994) (holding Federal Circuit law applies to personal jurisdiction under the stream of commerce theory because "[a]lthough in one sense the due process issue in this case is procedural, it is a critical determinant of whether and in what forum a patentee can seek redress for infringement of its rights.").

[3] The retroactive nature of *TC Heartland* has been recognized by other District Courts. *See Fusilamp, LLC v. Littelfuse, Inc.*, 10-20528-CIV-ALTONAGA, Doc. 106 (S.D. FL. June 12, 2017) (citing *Harper*, 509 U.S. at 97, but denying Motion to Dismiss because the case is stayed and thus is "not a currently pending case.") (Attached as Exhibit 1 hereto).

5

*see also Hulin v. Fibreboard Corp.*, 178 F.3d 316, 329-33 (5th Cir. 1999).[4] In *Harper*, the Supreme Court stated that "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper*, 509 U.S. at 97. Indeed, when applying binding precedent retroactively, both the Fifth Circuit and the Supreme Court apply the new law *nunc pro tunc*. *See, e.g.*, *Hulin*, 178 F.3d at 333-34; *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995) (holding that retroactive application of a Supreme Court decision barred plaintiff Hyde's claims under the statute of limitations). If the Court applies *TC Heartland* retroactively, as it should, NOA is not barred from raising an improper venue defense.

### 2. The Fifth Circuit Recognizes an Exception to a Waiver of a Defense

iLife also incorrectly contends that the Fifth Circuit "has not adopted any common law exception to waiver under Rule 12 based on intervening 'new' law." Response at 1, 8-10. iLife is wrong. The case iLife relies on, *Martinez*, expressly recognizes that the Fifth Circuit will entertain legal issues raised for the first time on appeal in "extraordinary circumstances." 300 F.3d at 574; *id.* at 573 ("Normally, we will entertain legal issues raised for the first time on appeal *only* 'in extraordinary instances … to avoid a miscarriage of justice.'") (quoting *Doleac v. Michaelson*, 264 F.3d 470, 492 (5th Cir. 2001)) (emphasis in original). Indeed, even without an intervening change in law, the Fifth Circuit found "extraordinary circumstances" after *Martinez*. In *AG Acceptance Corp. v. Veigel*, the Fifth Circuit held that the Veigels were allowed to raise a new

---

[4] These cases are good law and have been applied after the decision in *Martinez* cited by iLife. *See, e.g.*, *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 447 & n.7 (5th Cir. 2011) (relying on *Hulin*); *Sierra Club, Inc. v. Sandy Creek Energy Associates, L.P.*, 2009 WL 10669169, at *4 (W.D. Tex. Sept. 28, 2009), *rev'd on other grounds* 627 F.3d 134 (5th Cir. 2010) (noting that *Crawford* expressly adopted the *Harper* rules on retroactivity of legal principles announced in civil cases).

6

argument on appeal where denying such argument would have subjected the Veigels to liability for over $200,000 in unjustified attorney's fees. 564 F.3d 695, 701 (5th Cir. 2009). *Martinez* did not change the Fifth Circuit's approach to exceptions to waiver based on an intervening change in law, it merely restated the rule that already existed—that the Fifth Circuit only entertains legal issues raised for the first time on appeal "in extraordinary instances" "to avoid a miscarriage of justice." *Doleac*, 264 F.3d at 492 (considering an issue raised for the first time on appeal); *see also Grice v. McDermott & Co., Inc.*, 465 F.2d 486, 488 (5th Cir. 1972) (same).

The Fifth Circuit did not find "extraordinary circumstances" causing "a miscarriage of justice" in *Martinez*. Instead, the Fifth Circuit pointed out that "[t]he law (this issue) was not so settled prior to [*Lapides v. Bd. of Regents of the Univ. System of Ga.*, 535 U.S. 613 (2002),] that raising [Appellee's] waiver-by-removal claim in district court would have been pointless or futile." *Martinez*, 300 F.3d at 574-75. The viability of a "waiver-by-removal" claim had been explored four years earlier by Justice Kennedy's concurrence in *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 393-98 (1998) (Kennedy, J., concurring). Accordingly, Martinez should have been aware of her "waiver-by-removal" defense and should have raised it at the District Court. *Martinez*, 300 F.3d at 574-75.

By contrast, the law of patent venue ***was*** "so settled . . . that raising [NOA's] [improper venue] claim in [NOA's Answer] would have been pointless or futile" prior to *TC Heartland*. *See id.* As discussed above, this Court routinely applied the *VE Holding* precedent to decisions on patent venue. *See, e.g., Toshiba Corp.*, 3:04-CV-2391-L, 2005 WL 2415960, at *3 n.4; *Nutrition Physiology Corp.*, 87 F. Supp. 2d at 657; *Schlachter*, 3:96-CV-1914-P, 1997 WL 405165, at *4. As of 2016, other courts in this Circuit consistently rejected challenges to *VE Holding* and denied motions to dismiss for improper venue under Section 1400(b). *See, e.g., St. Lawrence Comm'n*

7

*LLC v. HTC Corp.*, 2:15-CV-919-JRG, 2016 WL 1077950 (E.D. Tex. March 18, 2016) (denying motion to dismiss for improper venue on ground that *VE Holding* applied Section 1391(c)'s definition of "reside" to Section 1400(b)); *Script Security Solutions LL v. Amazon.com. Inc.*, 170 F. Supp. 3d 928, 933 (E.D. Tex. 2016) (same; noting that the court "disagree[d] with Amazon's statutory analysis" based on *VE Holdings*). Thus when NOA answered iLife's Complaint in 2014, NOA did not have a Rule 11 basis to raise an improper venue defense, absent invocation of the safe harbor change or modification of existing law.[5] NOA's situation is therefore distinguishable from the situation of the plaintiff in *Martinez*.

### 3. Trial in an Improper Venue Constitutes an Extraordinary Circumstance

Under the Fifth Circuit's standard for an exception to waiver expressed in *Martinez*, NOA is entitled to raise its defense of improper venue because the "extraordinary circumstances" that would cause a "miscarriage of justice" exist here. The Supreme Court has recognized that trial in a district with improper venue **violates a substantial right of a defendant**. *See Lexecon Inc v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 42-43 (1998) ("[T]he substantiality of the protected interest is attested by a congressional judgment that in the circumstances described in the statute no discretion is to be left to a court face with an objection to a statutory violation. . . . [W]e agree with Milberg that the strict limitation on venue under, say, § 1391(a) (diversity action 'may ... be brought only ...') is sufficient to establish the substantial character of any violation.") (remanding for a new trial in a district with proper venue). This case should not be in the Northern

---

[5] This is true for both NOA's Answer (filed April 28, 2014) and Amended Answer (filed December 19, 2014).

District of Texas.[6] The violation of NOA's substantial right to a trial in a proper venue would be a miscarriage of justice.

NOA acknowledges that this Court has expended significant resources administering this case to this point. As Judge Newman recently acknowledged, however, "it is at trial that the purposes and policy of proper venue become dominant. The processes of law are designed not for the convenience of judges, but as safeguards to litigants and warders of justice." *In re Sea Ray Boats, Inc.*, 2017 WL 2577399, at *2 (Newman, J., dissenting), APP008-9. Forcing NOA to go to trial in the Northern District of Texas violates NOA's substantial rights because NOA will be forced to put on a costly trial in a forum that is far from its headquarters and to which it has no connection beyond this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) ("In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial. For that reason, Congress has generally not made the residence of the plaintiff a basis for venue in nondiversity cases.") (emphasis in original). Indeed, NOA is only present in this forum because under the now rejected holding in *VE Holding*, iLife was able to pick any venue where NOA sold products.[7] NOA has had to shoulder the expense of litigating this case far from its headquarters in the Western District of Washington in a venue that it would never have agreed to if *TC Heartland* were in effect when iLife's Complaint was filed. Should the Court deny NOA's motion, NOA will be subjected to the

---

[6] "NOA does not operate an office in Texas, employ anyone in Texas, or maintain any documents in Texas." Decl. of Richard Medway, Dkt. No. 11-2, APP.166, ¶ 9.

[7] The Supreme Court recognized in *Leroy* "that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *See id.* at 185. iLife's (limited) connections with this forum do not mitigate NOA's burden and therefore should not be considered when evaluating whether subjecting NOA to a trial in an improper venue violates its substantial rights.

additional substantial harm of paying for a trial in a District that, under Section 1400(b), has no power to hear it.[8]

## III. CONCLUSION

Accordingly, NOA respectfully requests that the Court grant its Motion and either dismiss this action or transfer it to the Western District of Washington where venue is proper.

---

[8] A trial will cost NOA far more than the $206,544.52 that constituted significant harm to the defendants in *AG Acceptance Corp.* 564 F.3d at 701. Further, if NOA prevails on the issue of venue on appeal after a full trial and a final judgment in this matter, NOA will be forced to expend significant resources on a trial in a proper forum.

Dated:  June 19, 2017

Respectfully submitted,

*/s/  Stephen R. Smith*
Thomas C. Wright
Texas State Bar No. 24028146
Alex J. Whitman
Texas State Bar No. 24081210
Cunningham Swaim, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75207
Telephone: (214) 646-1495
Fax: (214) 613-1163
twright@cunninghamswaim.com
awhitman@cunninghamswaim.com

Clyde M. Siebman
Texas State Bar No. 18341600
Siebman, Burg, Phillips & Smith, L.L.P
300 N. Travis Street
Sherman, Texas  75090
Telephone: 903-870-0070
Facsimile:   903-870-0066
clydesiebman@siebman.com

Of Counsel:

Stephen R. Smith (*Pro Hac Vice*)
Rose Whelan (*Pro Hac Vice*)
Lisa F. Schwier (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004
(202) 842-7800
stephen.smith@cooley.com
rwhelan@cooley.com
lschwier@cooley.com

Matthew J. Brigham (*Pro Hac Vice*)
Dena Chen (*Pro Hac Vice*)
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5677
mbrigham@cooley.com
dchen@cooley.com

Stephen P. McBride (*Pro Hac Vice*)
Cooley LLP
11951 Freedom Drive
Reston, VA 20190-5656
(703) 456-8000
smcbride@cooley.com

*Attorneys for Defendant
Nintendo of America Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing **DEFENDANT NINTENDO OF AMERICA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)** was served via CM/ECF upon all counsel of record on June 19, 2017.

                                        */s/ Stephen R. Smith*
                                          Stephen R. Smith