**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § § | |
| Plaintiff, | § § | Case No. 3:13-cv-04987 |
| v. | § § | |
| NINTENDO OF AMERICA INC., | § § | |
| Defendant. | § § | |

**APPENDIX IN SUPPORT OF DEFENDANT NINTENDO OF AMERICA INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER
FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)**

| EXHIBIT NO. | DESCRIPTION | APPENDIX CITATION |
|---|---|---|
| | Declaration of Stephen Smith in Support of Defendant Nintendo of America Inc.'s Reply In Support of Its Motion to Dismiss or Transfer for Improper Venue Under 28 U.S.C. § 1406(a) | APP0001-2 |
| 1 | June 13, 2017 Order (Dkt No. 106) from *Fusilamp, LLC v. Littelfuse, Inc.*, 10-20528-CIV-ALTONAGA, Doc. 106 (S.D. FL. June 12, 2017) | APP0003-5 |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing **APPENDIX IN SUPPORT OF DEFENDANT NINTENDO OF AMERICA INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)** was served via CM/ECF upon all counsel of record on June 19, 2017.

                                    */s/  Stephen R. Smith*
                                       Stephen R. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:13-cv-04987 |
| v. | § | |
| | § | |
| NINTENDO OF AMERICA INC., | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF STEPHEN R. SMITH IN SUPPORT OF
DEFENDANT NINTENDO OF AMERICA INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR TRANSFER
FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)**

I, Stephen R. Smith, declare:

1. I am an attorney in the law firm Cooley LLP, 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004. My firm represents Defendant, Nintendo of America Inc. ("NOA") in the above-captioned matter. I make this declaration in support of Defendant Nintendo of America Inc.'s Reply In Support of Its Motion to Dismiss or Transfer for Improper Venue Under 28 U.S.C. § 1406(a).

2. I am over the age of 18, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so. I declare that the following statements are true to the best of my knowledge, information, and belief formed after a reasonable inquiry under the circumstances.

3. Exhibit 1 attached hereto is a true and correct copy of the June 13, 2017 Order (Dkt No. 106) from *Fusilamp, LLC v. Littelfuse, Inc.*, 10-20528-CIV-ALTONAGA, Doc. 106 (S.D. FL. June 12, 2017)3

1

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  June 19, 2017                                             /s/ *Stephen R. Smith*
                                                                             Stephen R. Smith

# EXHIBIT 1

APP000003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20528-CIV-ALTONAGA

**FUSILAMP, LLC,** *et al.*,

    Plaintiffs,
v.

**LITTELFUSE, INC.,** *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Littelfuse, Inc.'s Motion to Dismiss [ECF No. 105], filed June 9, 2017.  Defendant requests the Court dismiss the action for improper venue in light of the Supreme Court's May 22, 2017 decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017).  (*See* Mot. 1). "When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases *still open on direct review* and as to all events, regardless of whether such events predate or postdate our announcement of the rule."  *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) (alteration and emphasis added).

On September 9, 2010, the Court issued an Order [ECF No. 103] staying the present action pending the outcome of arbitration and directing the Clerk to administratively close the case.  (*See id.*).  The case has been closed since that date.  Although Defendant correctly states "[t]he decision in *TC Heartland* applies retroactively to all currently pending patent cases" (Mot. 3 (alteration added; citation omitted)), this is not a currently pending case.

Accordingly, it is

APP000004

CASE NO. 10-20528-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 105]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of June, 2017.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record