**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:13-cv-04987 |
| v. | § | |
| | § | |
| NINTENDO OF AMERICA INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NINTENDO OF AMERICA INC.'S
<u>RESPONSE TO THE COURT'S QUESTION REGARDING THE JURY VERDICT</u>**

## I.   INTRODUCTION

Nintendo of America Inc. respectfully requests that the Court give the following question in the jury's verdict form:

Did iLife prove by a preponderance of the evidence that Nintendo infringed Claim 1 of the '796 patent?

Please answer "Yes" or "No" for each Video Game:

| Video Game | Yes (for iLife) | No (for Nintendo) |
|---|---|---|
| Wii Sports | | |
| Wii Sports Resort | | |
| Wii Club Sports | | |
| Mario Kart 8 | | |

There are a number of reasons why the verdict form should separately ask the jury to respond regarding the specific accused products. For example, iLife accused four separate accused products in this case, and there is insufficient evidence to conclude that each product operates in the same way with respect to Claim 1. iLife has also never stated that it was pursuing a representative product theory, let alone tendered evidence that such a theory would be proper. To the contrary, to the extent iLife presented any evidence of infringement, iLife has presented different theories of infringement for each product, along with differing evidence for each product. (Davenport Opening Rpt., page 100-105.) Therefore, iLife has failed to prove infringement of each element of Claim 1 for each of the accused Video Game products. For example, iLife has failed to present sufficient evidence that the accused Wii Sports and Wii Sports Resort video games satisfy the "wherein said communication device transmits said tolerance indicia" element of claim 1. (*See also* Dkt. 333 at 6-7.)

On August 29, 2017, the Court requested that Nintendo submit a brief regarding notice of this non-infringement argument. Nintendo therefore submits the following brief.

## II.   iLife Has Had Ample Notice that The Accused Video Games Do Not Transmit to a Television.

Claim 1 recites in pertinent part that:  "wherein said communication device transmits said tolerance indicia."   The patentee, not the accused infringer, "bears the burden of proving infringement."  *Medtronic v. Mirowski Family Ventures*, 134 S. Ct. 843, 846 (2014); *Snuba Int'l v. Dolphin World*, 2000 U.S. App. LEXIS 16946, *8 (Fed. Cir. July 11, 2000).  iLife's infringement contentions stated that:  "[f]or example, the Wii consoles transmit information about actions performed, goals reached, and scores attained as a result of evaluated body movements to an external device/remote server for online play and leaderboards using, for example, wireless (e.g., WiFi IEEE 802.11b/g/n) and/or wired communication devices."   (iLife July 3, 2014 Infringement Contentions at 38 of 82).   iLife did not disclose transmission to the television as meeting this claim limitation.

During expert discovery, however, Dr. Davenport argued that the transmission by the Wii to a television satisfied the "transmitting" limitation.   (Davenport Opening Rpt., page 105 (limitation 1.5).)  For example, Dr. Davenport identified two separate infringement theories on a product basis:

| [1.5] wherein said communication device transmits said tolerance indicia. | The Wii and Wii U consoles transmit the tolerance indicia discussed in section [1.4] above to the display (see e.g., paragraphs 113, 114, 127, 131, 135-137, 139, 140, 142, 158). For the Wii Sports Club and Mario Kart 8 games, the Wii U console transmits tolerance indicia over the internet during online play and similar functionality would have been available to Wii console games prior to the cancelation of the WiiConnect24 network. (see e.g., paragraphs 114, 115, 145-148, 194). |
| --- | --- |

(*Id*.)

In Mr. Dezmelyk's rebuttal expert report, Mr. Dezmelyk opined that "connection to a display device is not a network."  (Dezmelyk Rebuttal Rpt., ¶ 109.)  For example, Mr. Dezmelyk

2

stated:

> Dr. Davenport alleges that the "wherein said communication device transmits said tolerance indicia" of asserted claims 1 and 10 is met by the fact that the Wii and Wii U consoles (the "communication devices" under Dr. Davenport's analysis) transmit graphics to a television display. Davenport Report at p. 105. This argument is incorrect because it does not take into account the Court's claim construction for "communication device". The Court construed "communication device" as "one device or one or more associated components acting together capable of transmission of information using a wired or wireless network." Dkt. No. 142 at 11. Transmission to a TV is not transmission using a network-the TV and console do not form a network. The network discussed in the patent is an "exemplary wireless network that is associated via a wired network, such as the Internet, to a remote monitoring controller" (see, e.g., '796 patent at 5:6-9, Fig. 8). The examples provided in the patent include "a wireless network and external networks 850 such as the Internet, public telephone system, etc." '796 patent at 11:45-47. Thus, the patent is talking about, e.g., a cellular phone network, Internet, or some similar geographically distributed network that transmits data between numerous nodes and endpoints. Simply attaching a cable between the Wii console and a television does not create a network. Accordingly, Dr. Davenport has not shown that "communication device" transmits information using a wired or wireless network.

(*Id.*) NOA subsequently moved to strike Dr. Davenport's discussion regarding transmission from a Wii to a display (Dkt. 159 at 3-4), which the parties fully briefed and the Court denied. (Dkt. 209 at 44-45, 198.)  iLife has long known that NOA's non-infringement theory with respect to this claim element since at least Dr. Davenport and Mr. Dezmelyk's expert reports in this case.

The jury should therefore be asked whether iLife has met its burden of proof for infringement for each of the accused products, because the Wii Sports and Wii Sports Resort games, which do not, for example, have online play modes.  (*See, e.g.*, Aug. 28, 2017 Trial Tr. 127:9-131:7 (explaining that transmission to a display device does not constitute a network); *see also* DDX-233.)  iLife has had ample notice of this non-infringement argument, and its improper to penalize NOA for iLife's failure of proof.

3

Accordingly, NOA respectfully requests that the Court solicit infringement findings from the jury on a product-by-product basis.

Respectfully submitted,

Dated:  August 29, 2017

/s/ Stephen R. Smith
Thomas C. Wright
Texas State Bar No. 24028146
Alex J. Whitman
Texas State Bar No. 24081210
Cunningham Swaim, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75207
Telephone: (214) 646-1495
Fax: (214) 613-1163
twright@cunninghamswaim.com
awhitman@cunninghamswaim.com

Clyde M. Siebman
Texas State Bar No. 18341600
Siebman, Burg, Phillips & Smith, L.L.P.
300 N. Travis Street
Sherman, Texas  75090
Telephone: 903-870-0070
Facsimile:   903-870-0066
clydesiebman@siebman.com

Of Counsel:

Stephen R. Smith (*Pro Hac Vice*)
Rose Whelan (*Pro Hac Vice*)
Lisa F. Schwier (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004
(202) 842-7800
stephen.smith@cooley.com
rwhelan@cooley.com
lschwier@cooley.com

Matthew J. Brigham (*Pro Hac Vice*)
Dena Chen (*Pro Hac Vice*)
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

4

(650) 843-5677
mbrigham@cooley.com
dchen@cooley.com

Stephen P. McBride (*Pro Hac Vice*)
Cooley LLP
11951 Freedom Drive
Reston, VA 20190-5656
(703) 456-8000
smcbride@cooley.com

*Attorneys for Defendant*
*Nintendo of America Inc.*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing **DEFENDANT NINTENDO OF AMERICA INC.'S RESPONSE TO THE COURT'S QUESTION REGARDING THE JURY VERDICT**  was served via CM/ECF upon all counsel of record on August 29, 2017.

*/s/  Stephen R. Smith*_____
Stephen R. Smith