U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 3 1 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**VERDICT FORM**

We, the Jury, find as follows:

1. **Question No. 1: Infringement**

   **Question (a):**

   Did iLife prove by a preponderance of the evidence that Nintendo infringed Claim 1 of the '796 patent with respect to all of the Accused Products described on page 10 of the Charge?

   Please answer "Yes" or "No":

   Claim 1     _YES_____

   **Question (b):**

   If you answered "No" in Question (a), but find that iLife proved infringement of some, but not all, of the Accused Products, answer as to each accused Video Game.

   Please answer "Yes" or "No" for each accused Video Game:

| Video Game | Yes | No |
|---|---|---|
| Wii Sports | | |
| Wii Sports Resort | | |
| Wii Club Sports | | |
| Mario Kart 8 | | |

   **If your answer to Question (a) or any of Question (b) is "Yes," please proceed to Question No. 2.**

   **If your answer to Question (a) is "No," and you did not answer "Yes" as to any part of Question (b), do not answer any other questions.**

25

2. **Question No. 2:  Written Description**

Did Nintendo prove by clear and convincing evidence that Claim 1 of the '796 patent is invalid due to lack of an adequate written description?

Please answer "Yes" or "No":

Claim 1 _____*NO*_____

**Please proceed to Question No. 3.**

3. **Question No. 3:  Enablement**

Did Nintendo prove by clear and convincing evidence that Claim 1 of the '796 patent is invalid due to lack of enablement?

Please answer "Yes" or "No":

       Claim 1       *NO*

**Proceed to Question No. 4.**

4. **Question No. 4:  Sales**

After the patent issued on March 8, 2005, but before December 23, 2013, did Nintendo prove by a preponderance of the evidence that iLife sold the Healthsensor 100 device?  This question requires you to determine if the transaction between iLife and Lifeline ("Philips Lifeline") was a sale.

Please answer "yes" or "no."

_____NO_____

**Please proceed to Question No. 5.**

5.  **Question No. 5: Reasonable Royalty Damages**

If you believe that agreement after a hypothetical negotiation would have been for a dollar amount per unit of the Accused Products sold by Nintendo found to infringe, answer questions (a) and (b) below, but not (c).  If you believe that agreement after a hypothetical negotiation would have been for a lump sum amount, answer (c) but not (a) or (b).

### Question (a):

What total amount of reasonable royalty has iLife proven by a preponderance of the evidence that it is entitled to recover for the period from December 23, 2007, to December 23, 2013?

Please answer in dollars and cents.

Answer:   $ _____

### Question (b):

What total amount of reasonable royalty has iLife proven by a preponderance of the evidence that it is entitled to recover for the period from December 23, 2013, to date?

Please answer in dollars and cents.

Answer:   $ _____

### Question (c):

What amount of reasonable royalty in the form of a lump sum payment has iLife proven by a preponderance of the evidence that it is entitled to recover?

Please answer in dollars and cents.

Answer:   $ *10,100,000.00*

## POST-ARGUMENT INSTRUCTIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

August 30, 2017.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

Dated: _8/31_____, 2017.

REDACTED

_____
FOREPERSON