IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ILIFE TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-04987 |
| | § | |
| NINTENDO OF AMERICA INC., | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

## ILIFE'S MOTION TO DEFER RULING ON COSTS PENDING APPEAL OR ALTERNATIVELY DENY AN AWARD OF COSTS

Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
Shain A. Khoshbin
skhoshbin@munckwilson.com
State Bar No. 11375975
Jordan C. Strauss
jstrauss@munckwilson.com
Texas Bar No. 24088480

**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616

**ATTORNEYS FOR PLAINTIFF
ILIFE TECHNOLOGIES, INC.**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................ | 1 |
| II. | ARGUMENTS AND AUTHORITIES.................................................................. | 1 |
| | A.     The Court Should Defer its Ruling on Costs Until After the Federal Circuit's Review of the '796 Patent's Eligibility...................................... | 1 |
| | B.     If the Court is Inclined to Rule, it Should Deny Nintendo's Bill of Costs. ............ | 5 |
| |      1.     iLife litigated this case in good faith............................................................ | 5 |
| |      2.     iLife's financial resources are extremely limited........................................ | 6 |
| |      3.     The patent eligibility of claim 1 is a close and difficult legal question. ................................................................................................ | 6 |
| III. | CONCLUSION.................................................................................................... | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   890 F.3d 1354 (Mem.) (Fed. Cir. 2018) ................................................................................4, 7

*Athena Diagnostics, Inc. v. Mayo Collaborative Servs.*,
   927 F.3d 1333 (Mem.) (Fed. Cir. 2019) .....................................................................................7

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
   872 F.3d 1341 (Fed. Cir. 2018) ..................................................................................................4

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018), *cert. denied*, --- S. Ct. --- (2020) ............................................4

*Bilski v. Kappos*,
   561 U.S. 593 (2010) ...................................................................................................................7

*Diamond v. Diehr*,
   450 U.S. 175 (1981) ...................................................................................................................4

*Elec. Power Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016) ..............................................................................................3, 7

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016) ..............................................................................................4, 7

*Fatan v. Tillman*,
   No. 4:11-CV-812, 2014 WL 1477618 (E.D. Tex. Apr. 15, 2014) ..............................................5

*G.P.P., Inc. v. Guardian Prot. Prods., Inc.*,
   No. 1:15-CV-00321-SKO, 2018 WL 932087 (E.D. Cal. Feb. 16, 2018) ...................................2

*Harper v. Capital One, N.A.*,
   No. 3-11-cv-03007-F, 2013 WL 12250911 (N.D. Tex. Mar. 15, 2013) .....................................6

*Harrison v. Proctor & Gamble Co.*,
   No. 7:06-cv-121-O, 2009 WL 10678211 (N.D. Tex. Mar. 25, 2009) ........................................7

*Interval Licensing LLC v. AOL, Inc.*,
   896 F.3d 1335 (Fed. Cir. 2018) ..................................................................................................7

*McKay v. Novartis Pharm. Corp.*,
   No. EP-06-CA-063-FM, 2014 WL 12703992 (W.D. Tex. July 22, 2014) .............................5, 6

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016) ................................................................................................3

*Migis v. Pearle Vision, Inc.*,
   135 F.3d 1041 (5th Cir. 1998) ..................................................................................................5

*Pacheco v. Mineta*,
   448 F.3d 783 (5th Cir. 2006) ....................................................................................................5

*Rapid Litig. Mgmt. Ltd. v. Cellzdirect, Inc.*,
   827 F.3d 1042 (Fed. Cir. 2016) ............................................................................................2, 9

*SAP Am., Inc. v. InvestPic, LLC*,
   898 F.3d 1161 (Fed. Cir. 2018) ................................................................................................3

*Smart Sys. Innovations, LLC v. Chicago Transit Auth.*,
   873 F.3d 1364 (Fed. Cir. 2017) ................................................................................................7

*SRI Int'l, Inc. v. Cisco Systems, Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019) ............................................................................................2, 4

*TDE Petroleum Data Sols., Inc. v. AKM Enter., Inc.*,
   657 F. App'x 991 (Fed. Cir. 2016) ...........................................................................................3

*Thales Visionix Inc. v. United States*,
   850 F.3d 1343 (Fed. Cir. 2017) ................................................................................................3

*Ultramercial, Inc. v. Hulu, LLC*,
   722 F.3d 1335 (Fed. Cir. 2013) ................................................................................................3

*Visual Memory LLC v. NVIDIA Corp.*,
   867 F.3d 1253 (Fed. Cir. 2017) ................................................................................................4

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C. Cir. 1977) ..................................................................................................2

**Statutes**

35 U.S.C. § 101 .......................................................................................................................... *passim*

FED. R. CIV. P. 54(d) ................................................................................................................... 1, 2

**Other Authorities**

*2019 Revised Patent Subject Matter Eligibility Guidance*, 84 Fed. Reg. 50, 50-52
   (Jan. 7, 2019) ............................................................................................................................8

Congressional Research Service Report, *Patent-Eligible Subject Matter Reform in
   the 116th Congress*, at 2-3 (Sept. 17, 2019) ............................................................................8

David O. Taylor, *Confusing Patent Eligibility*, 84 TENN. L. REV. 157, 158-160, 231 (2016) .................................................................................................................7

Jeffrey A. Lefstin et al., *Final Report of the Berkeley Center for Law & Technology Section 101 Workshop: Addressing Patent Eligibility Challenges*, 33 BERKELEY TECH. L.J. 551 (2018). ...................................................................8

Mark. A. Lemley et al., *Life After* Bilski, 63 STAN. L. REV. 1315, 1316 (2011) .............................7

## I. INTRODUCTION

On January 17, 2020, the Court issued its Order and Final Judgment on pending and post-trial motions. The judgment in favor of Nintendo rests on a single legal issue: that claim 1 of the '796 Patent is ineligible under 35 U.S.C. § 101 as an abstract idea. iLife now has appealed that judgment.

iLife requests that the Court exercise its discretion under Rule 54(d)(1) to defer any ruling on costs until after the Federal Circuit reviews the Court's 101 determination. Patent-eligibility is a substantial legal question that the Federal Circuit will decide without deference—with a significant possibility of reversal, and that decision will impact whether Nintendo is a prevailing party. Thus, any ruling on the propriety and amount of costs is premature and could waste judicial and party resources. Alternatively, if the Court decides to rule on costs before resolution of iLife's appeal, iLife requests that the Court deny Nintendo's Bill of Costs based on iLife's extremely limited financial resources and good faith pursuit of litigation involving close and difficult legal questions.[1]

## II. ARGUMENTS AND AUTHORITIES

### A. The Court Should Defer its Ruling on Costs Until After the Federal Circuit's Review of the '796 Patent's Eligibility.

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed" to the prevailing party "[u]nless … a court order provides otherwise."[2] An Advisory Committee Note explains that "[i]f an appeal on the merits of the case is taken," the Court has discretion to either: (1) "rule on the claim for fees," (2) "defer its ruling on the motion," or (3) "deny the motion

---

[1] Nintendo's Bill of Costs [Doc. 373] seeks $161,505.61 in costs. iLife has filed separate objections to the amounts and categories of costs requested by Nintendo that should be denied or reduced.

[2] FED. R. CIV. P. 54(d)(1).

1

without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."[3] Although the Note addresses attorneys' fees, its reasoning is "applicable to a ruling on a bill of costs."[4] Deferring an award of costs pending appeal does not require that the Court agree it ruled in error, only that it "ruled on an admittedly difficult legal question" and, for reasons of equity, "the status quo should be maintained" until that question can be resolved on appeal.[5]

Disposition of Nintendo's Bill of Costs should be deferred until after the Federal Circuit resolves whether claim 1 of the '796 patent is eligible under Section 101. As the Court recognized in its order, patent eligibility under Section 101 is a "matter[] of law" that "w[as] not presented to the jury."[6] Thus, the Federal Circuit will independently assess the subject-matter eligibility of claim 1 "without deference" to this Court's decision on the matter.[7]

There is a significant likelihood that the Federal Circuit will find claim 1 patent-eligible. Unlike the claims held ineligible in the cases cited by this Court, claim 1 of the '796 patent is directed to specific technological improvements to *physical systems that evaluate body movement*, and cannot be practiced without a *real-world physical device* that uses a particular

---

[3] FED. R. CIV. P. 54(d), advisory committee note (1993) (emphasis added).

[4] *See, e.g., G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018) (stating that "[t]his Court has held that the reasoning of the advisory committee's note to the 1993 Amendment to FED. R. CIV. P. 54 is 'applicable to a ruling on a bill of costs'" and holding that "[g]iven the complex facts of the case, the complexity of the final judgment, and, presumably, the complexity of the appeal, the Court finds it most prudent to defer ruling on the parties' requests for costs and the attorney's fees motions until the appeal is resolved") (internal citations omitted).

[5] *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-54 (D.C. Cir. 1977).

[6] [Doc. 369] at 3 n.3.

[7] *Rapid Litig. Mgmt. Ltd. v. Cellzdirect, Inc.*, 827 F.3d 1042, 1047 (Fed. Cir. 2016); *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1302 (Fed. Cir. 2019) ("We review de novo whether a claim is drawn to patent-eligible subject matter.").

type of sensor and improved processing techniques.[8] In finding claim 1 abstract, the Court thus oversimplified the claim as directed to merely "gathering, processing, and transmitting information."[9] Indeed, the only Federal Circuit precedent addressing claims reciting the use of sensors to improve a physical motion-detection system is *Thales*, which found eligibility at step one even though those claims similarly required gathering and processing data from sensors.[10] Here, the Court distinguished *Thales* because claim 1 is "not directed to an improvement in the functionality of *sensors and processors*." [Doc. 369] at 6. But this overlooks that the *Thales* claims were patent-eligible because they improved existing motion-tracking *systems as a whole—not* the system's *individual components* (like sensors).[11] Thus, *Thales* and other case law

---

[8] *See, e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) ("[T]he focus of the claims is not on such an improvement in computers as tools, but on certain *independently* abstract ideas that use computers as tools."); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018) ("Here, in contrast [to *Thales*], the focus of the claims is *not a physical-realm improvement* but an improvement in wholly abstract ideas—the selection and mathematical analysis of information, followed by reporting or display of the results."); *TDE Petroleum Data Sols., Inc. v. AKM Enter., Inc.*, 657 F. App'x 991, 992 (Fed. Cir. 2016) (addressing claim reciting "automated method for determining the state of a well operation" without requiring any specific physical device).

[9] *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) (warning against "oversimplifying the claims by looking at them generally and failing to account for the specific requirements of the claims"); *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1344 (Fed. Cir. 2013) ("[A]ny claim can be stripped down, simplified, generalized, or paraphrased to remove all of its concrete limitations, until at its core, something that could be characterized as an abstract idea is revealed. A court cannot go hunting for abstractions by ignoring the concrete, palpable, tangible limitations of the invention the patentee actually claims.").

[10] *Thales Visionix Inc. v. United States*, 850 F.3d 1343, 1345-46 (Fed. Cir. 2017) (holding patent-eligible claim to "method comprising *determining* an orientation of an object relative to a moving reference frame *based on signals from two inertial sensors* mounted respectively on the object and on the moving reference frame").

[11] *Thales*, 850 F.3d at 1348 (describing the claims as a directed to "a *system* that reduces errors in an inertial system" that was an improvement over "a *traditional system*"); *see also SAP Am.*, 898 F.3d at 1168 (explaining that the *Thales* claims were patent-eligible because "the improvement was in a *physical tracking system*" and "[t]he use of mathematics to achieve [that] improvement" did not "change[] the conclusion that improved physical things and actions were the subject of

supports eligibility of claim 1 of the '796 Patent at step one, notwithstanding the Court's conclusion otherwise.

Regarding step two, the Court's requirement that an inventive concept be expressly "recite[d]" by the claim, [Doc. 369] at 9, conflicts with Federal Circuit precedent stating that the specification's teachings only need to be "captured" by the claim.[12] And the Federal Circuit is not likely to agree that Nintendo's evidence that individual *components* were purportedly "known" in the art amounts to *clear and convincing evidence* that the claimed *combination* of elements was *well-understood, routine, and conventional* to POSAs by the critical date.[13] For these and other reasons, iLife's appeal presents substantial legal questions that justify deferral of a ruling on costs.

---

the claimed advance"); *Visual Memory LLC v. NVIDIA Corp.,* 867 F.3d 1253, 1258-59 (Fed. Cir. 2017) (claims were patent-eligible that enabled "*system* [to] achieve[] greater accuracy than … prior art systems").

[12] *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018), *cert. denied*, --- S. Ct. --- (2020) (holding that improvements described in the specification need only be "captured" by the claims—not *recited*—to "create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities."); *see also, e.g.*, *SRI*, 930 F.3d at 1303 ("The specification bolsters our conclusion that the claims are directed to a technological solution to a technological problem."); *Visual Memory*, 867 F.3d at 1260 (relying on the fact that "like the patents at issue in *Enfish* and *Thales*, the specification discusses the advantages offered by the technological improvement" over the state of the art).

[13] *Berkheimer*, 881 F.3d at 1368 (noting that "[w]hether a particular technology is well-understood, routine, and conventional *goes beyond what was simply known in the prior art*" and "must be proven by clear and convincing evidence"); *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC,* 872 F.3d 1341, 1350 (Fed. Cir. 2018) (noting step two "requires more than recognizing that each claim element, by itself, was known in the art" because "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces"); *Diamond v. Diehr*, 450 U.S. 175, 188 (1981) ("[A] new combination of steps in a process may be patentable even though all the constituents of the combination were well known and in common use before the combination was made."); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1356 (Fed. Cir. 2018) (Moore, J., joined by Dyk, J., O'Malley, J., Taranto, J., and Stoll, J., concurring in denial of rehearing en banc) ("there must be *evidence* supporting a finding that the additional elements were well-understood, routine, and conventional.").

Deferring a ruling on costs also conserves the resources of this Court without harming Nintendo. Should the Federal Circuit find claim 1 patent-eligible, the resources expended by this Court in determining the propriety and amount of costs at this juncture would be wasted, as would the additional resources necessary on remand to unwind the effect of a premature ruling. For at least these reasons, the Court should defer adjudicating costs until the appeal is concluded.

### B. If the Court is Inclined to Rule, it Should Deny Nintendo's Bill of Costs.

The Court enjoys "wide discretion with regard to the costs in a case and may order each party to bear his own costs."[14] The Fifth Circuit recognizes "[a] wide range of reasons … to justify withholding costs from the prevailing party," including "the losing party's good faith" combined with its "limited financial resources" or "close and difficult legal issues presented."[15]

#### 1. iLife litigated this case in good faith.

iLife filed this action in December 2013, and diligently litigated the matter in good faith through successful defense of an *inter partes* review ("IPR") proceeding,[16] two appeals to the Federal Circuit,[17] and a trial on the merits resulting in a unanimous jury verdict finding that the

---

[14] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998).

[15] *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting Wright & Miller § 2668, at 234 (1998)); *see, e.g.*, *Fatan v. Tillman*, No. 4:11-CV-812, 2014 WL 1477618, at *1 (E.D. Tex. Apr. 15, 2014) (denying costs where plaintiff litigated in good faith and the case "involved difficult legal issues"); *McKay v. Novartis Pharm. Corp.*, No. EP-06-CA-063-FM, 2014 WL 12703992, at *5 (W.D. Tex. July 22, 2014) (declining to award costs where plaintiff acted in good faith, had "extremely limited resources," and the case "presented intricate legal issues").

[16] *See* Jt. Status Report Regarding IPR Status [Doc. 97]; *see also* PTAB's Final Written Decision on the Asserted Patent [Doc. 97-3] ("ORDERED that claims 1–3, 9–12, and 18–20 of U.S. Patent No. 6,864,796 B2 have not been shown, by a preponderance of the evidence, to be unpatentable").

[17] *See* Federal Circuit Op. Denying Nintendo's Pet. for Writ of Mandamus based on *TC Heartland* [Doc. 275]; *see also* Notice of Appellate Decision [Doc. 359]; Federal Circuit Op. [Doc. 359-1] (affirming the PTAB's final written decision regarding the validity of claim 1 of U.S. Patent 6,864,796).

'796 patent was valid and infringed, and awarding $10.1 million for Nintendo's infringement.[18] iLife's success in proving infringement and in defeating Nintendo's numerous other invalidity defenses weighs in favor of denying costs. Although the Court ultimately held the '796 patent ineligible under Section 101—which iLife appeals—iLife did not cause the parties to incur any unnecessary costs.

### 2. iLife's financial resources are extremely limited.

iLife does not have sufficient cash or assets to satisfy a judgment for Nintendo's costs in this matter or to post a supersedeas bond to stay enforcement.[19] iLife's only bank account has a current balance of $550.59.[20] iLife has no receivables or monies owed to it.[21] iLife has no current business activities or other means to generate revenue to pay a judgment for costs.[22] iLife's limited financial resources weigh in favor of denying costs.[23]

### 3. The patent eligibility of claim 1 is a close and difficult legal question.

As outlined above, the Court's patent eligibility determination raises substantial legal questions. At any rate, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by *the difficulty of discerning the law of the case*."[24] The inquiry

---

[18] *See* Jury Verdict [Doc. 342].

[19] Ex. A, Eiselt Decl. ¶ 5.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *McKay*, 2014 WL 12703992, at *5.

[24] *Harper v. Capital One, N.A.*, No. 3-11-cv-03007-F, 2013 WL 12250911, at *1 (N.D. Tex. Mar. 15, 2013) (finding "difficult legal issues" that "required a particularly thoughtful and thorough investigation by the Court" justified withholding of costs).

includes consideration of "the *conspicuousness of the law* governing the decision."[25]

Patent eligibility under Section 101 is a notoriously difficult legal question. Although the two-step *Alice/Mayo* framework proceeds from a growing body of federal common law, both steps—"abstract idea" and "inventive concept"—remain unpredictable in application.[26] The Federal Circuit's efforts to clarify each step have led only to "overlapping scrutiny of the content of the claims" and "close questions about when the inquiry should proceed from the first stage to the second,"[27] leading members of the Federal Circuit to declare that "the law needs clarification by higher authority."[28] This view is shared by the Solicitor General, who recently opined on behalf of the broader federal government that the *Alice/Mayo* framework "introduced substantial uncertainty regarding the proper Section 101 inquiry," and asked the Supreme Court "to clarify

---

[25] *Harrison v. Proctor & Gamble Co.*, No. 7:06-cv-121-O, 2009 WL 10678211, at *2 (N.D. Tex. Mar. 25, 2009).

[26] *See Bilski v. Kappos*, 561 U.S. 593, 610 (2010) (Stevens, J., concurring) ("The Court … never provides a satisfying account of what constitutes an unpatentable abstract idea."); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016) ("The Supreme Court has not established a definitive rule to determine what constitutes an 'abstract idea'"); *see also* Mark. A. Lemley et al., *Life After* Bilski, 63 STAN. L. REV. 1315, 1316 (2011) ("[N]o one understands what makes an idea 'abstract,' and hence ineligible"); David O. Taylor, *Confusing Patent Eligibility*, 84 TENN. L. REV. 157, 158-160, 231 (2016) (observing that *Alice/Mayo* framework "lacks administrability," has created a "crisis of confusion" in patent law, and that "no one really knows what an inventive concept is").

[27] *Elec. Power Grp.,* 830 F.3d at 1353.

[28] *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354 (Mem.), 1360 (Fed. Cir. 2018) (Lourie, J., joined by Newman, J., concurring in denial of rehearing en banc); *see also Athena Diagnostics, Inc. v. Mayo Collaborative Servs.*, 927 F.3d 1333 (Mem.), 1337 (Fed. Cir. 2019) (Hughes, J., joined by Prost, C.J., and Taranto, J., concurring in denial of rehearing en banc) ("The multiple concurring and dissenting opinions regarding the denial of en banc rehearing in this case are illustrative of how fraught the issue of § 101 eligibility … is."); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1348 (Fed. Cir. 2018) (Plager, J., concurring-in-part and dissenting-in-part) (noting that the "incoherent body of doctrine" surrounding Section 101 "renders it near impossible to know with any certainty whether [an] invention is or is not patent eligible"); *Smart Sys. Innovations, LLC v. Chicago Transit Auth.*, 873 F.3d 1364, 1377 (Fed. Cir. 2017) (Linn, J., dissenting-in-part and concurring-in-part) (observing that "the abstract idea exception is almost impossible to apply consistently and coherently" and the two-step framework "is indeterminate and often leads to arbitrary results").

the substantive Section 101 standards."[29] Even the USPTO, tasked with analyzing and adjudicating patent eligibility daily, has candidly observed that "[p]roperly applying the *Alice/Mayo* test in a consistent manner has proven to be difficult"; "has caused uncertainty in this area of the law"; has made it difficult for "inventors, businesses, and other patent stakeholders to reliably and predictably determine what subject matter is patent-eligible"; and "poses unique challenges for the USPTO" itself.[30] These concerns have triggered "several significant recent administrative and legislative developments that aim to clarify and/or reform the law of Section 101."[31]

The Court's hesitance to rule on patent eligibility both before and after trial likewise supports the difficulty of the eligibility question presented here. And most of the costs Nintendo seeks to recover were for a trial that the Court likely would not have conducted if it were clear that the asserted claim was ineligible under Section 101. Though both parties moved for summary judgment on the eligibility of claim 1, the Court carried the legal question until after trial—and did not hold claim 1 ineligible until almost two years after a jury found the claim infringed and not invalid and awarded iLife a reasonable royalty of $10.1 million. Moreover, despite the Court's holding of ineligibility, the Federal Circuit will independently decide that

---

[29] Br. for the United States as Amicus Curiae, *HP Inc. v. Berkheimer*, 2019 WL 6715368, at *10-11 (U.S. No. 18-415).

[30] *2019 Revised Patent Subject Matter Eligibility Guidance*, 84 Fed. Reg. 50, 50-52 (Jan. 7, 2019).

[31] Congressional Research Service Report, *Patent-Eligible Subject Matter Reform in the 116th Congress*, at 2-3 (Sept. 17, 2019), https://fas.org/sgp/crs/misc/R45918.pdf; *see also generally* Jeffrey A. Lefstin et al., *Final Report of the Berkeley Center for Law & Technology Section 101 Workshop: Addressing Patent Eligibility Challenges*, 33 Berkeley Tech. L.J. 551 (2018).

issue on appeal without deference to this Court.[32] In these circumstances, it is appropriate that the Court exercise its discretion to deny Nintendo's bill of costs.

### III. CONCLUSION

For the reasons stated above, iLife requests that the Court exercise its discretion to defer any ruling on the propriety and amount of costs pending resolution of iLife's appeal to the Federal Circuit. Alternatively, iLife requests that the Court deny Nintendo's Bill of Costs.

---

[32] *Rapid Litig. Mgmt. Ltd.*, 827 F.3d at 1047.

9

Dated: February 7, 2020

Respectfully submitted,

*/s/ Michael C. Wilson*
Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
Shain Khoshbin
skhoshbin@munckwilson.com
State Bar No. 11375975
Jordan C. Strauss
jstrauss@munckwilson.com
State Bar No. 24088480

**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616

**ATTORNEYS FOR PLAINTIFF
ILIFE TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

I certify that on February 5, 2020, counsel for Plaintiff conferred with counsel for Defendant regarding the issues contained in this motion. The parties were unable to reach agreement on the relief requested herein, and therefore this motion is being presented to the Court for determination.

*/s/ Michael C. Wilson*
Michael C. Wilson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all known counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure on February 7, 2020.

*/s/ Michael C. Wilson*
Michael C. Wilson

825352